Filed 1/27/17

CERTIFIED FOR PUBLICATION


COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| In re KEVIN DWAYNE MALLARD on Habeas Corpus. | D071345<br><br>(Super. Ct. No. SCD249817) |
|---|---|

Original proceeding on a petition for a writ of habeas corpus.  Relief denied.

Randy Mize, Chief Deputy Public Defender and Michael Begovich, Deputy Public Defender for Petitioner.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Marvin E. Mizell, Deputy Attorneys General, for Respondent.

In 2014, the voters approved Proposition 47, adding section 1170.18 to the Penal Code (The Safe Neighborhoods and Schools Act), and allowing qualifying felony offenders to seek reclassification of their offenses to misdemeanors, on a retroactive basis.  (Pen. Code,[1] § 1170.18, subd. (a).)  Under Proposition 47, Kevin Dwayne Mallard sought and received a reclassification of his felony conviction of possession of concentrated cannabis.  (Health & Saf. Code, § 11357, subd. (a).)  He seeks his immediate release from county jail on the grounds he is being incarcerated illegally.  To

---

[1]    Statutory references are to the Penal Code unless otherwise specified.

this end, he argues that this reclassification prohibits the application of section 2933.1, which imposes a 15 percent conduct credit limitation on his sentence. He also contends that the application of section 2933.1 to his sentence violates federal and state equal protection clauses.

We determine that Mallard's arguments lack merit. In doing so, we conclude when a consecutive felony term is subject to a 15 percent conduct credit limitation under section 2933.1, that felony term being resentenced to a misdemeanor term under Proposition 47 does not change the credit limitation imposed by section 2933.1. Accordingly, we deny the requested relief.

### FACTUAL AND PROCEDURAL BACKGROUND

On July 31, 2013, Mallard entered the visitor's area on the sixth floor of the county jail with 3.6 grams of marijuana. On August 13, 2013, in case No. SCD249817, Mallard pled guilty to possession of concentrated cannabis (marijuana, Health & Saf. Code, § 11357, subd. (a)). The trial court granted Proposition 36 (§ 1210.1) probation for three years and gave Mallard 14 actual days' credit and 14 days' conduct credit under section 4019.

On September 18, 2013, Mallard pulled a woman out of her parked SUV and drove away. On September 10, 2014, in case No. SCD253209, Mallard was convicted of carjacking (§ 215, subd. (a)).

On October 8, 2014, the trial court sentenced Mallard to prison for three years for the carjacking conviction. On the same date, with Mallard's probation for the possession of marijuana conviction having been revoked, the trial court imposed eight months, one-

2

third the middle term, for that conviction, to run consecutively to the three-year carjacking term. As to the possession of marijuana conviction, the trial court gave 14 actual days' credit and two days' conduct credit, the latter of which was limited to 15 percent of the actual days' credit under section 2933.1, based on the carjacking conviction. Mallard was ordered delivered to the California Department of Corrections and Rehabilitation (CDCR).

On March 10, 2015, the superior court granted a petition under Proposition 47 filed by Mallard as to the possession of marijuana conviction, recalled the eight-month felony sentence for that crime, and imposed a misdemeanor term for that crime of 240 days to run consecutively to the three-year prison term for carjacking. The superior court also released Mallard from parole on the possession of marijuana conviction. The superior court did not change the prior order as to credits.

On August 1, 2016, Mallard, having completed his prison term for carjacking, was transferred from CDCR to the South Bay Detention Facility to serve his misdemeanor consecutive term of 240 days for possession of marijuana. Mallard's projected release date was set for February 4, 2017.

On August 23, 2016, Mallard filed a motion to receive 50 percent conduct credits under section 4019 for his possession of marijuana jail term, and not to be limited to 15 percent conduct credits under section 2933.1 based on the carjacking conviction. The prosecution opposed the motion.

3

On September 15, 2016, the superior court held a hearing on the motion and denied it. In denying the motion, the superior court found *People v. Hamlin* (2009) 170 Cal.App.4th 1412 (*Hamlin*) instructive.

On November 2, 2016, Mallard filed a notice of appeal. About two weeks later, Mallard filed the instant petition and a motion to consolidate his petition with his appeal in case No. D071295.

This court issued an order to show cause, gave the People the option to file a return within 15 days of the order, gave Mallard the option to file a traverse within 10 days of the filing of the return, and denied Mallard's motion to consolidate the instant petition and the appeal.

The People subsequently filed a return, and Mallard then filed a traverse.

DISCUSSION

The issue presented here is a pure question of law. Does section 2933.1 apply to Mallard's sentence after his felony conviction for possession of marijuana was reclassified as a misdemeanor under Proposition 47? For the reasons discussed below, we answer this question in the affirmative.

A defendant in a felony or misdemeanor case is entitled to actual custody credit for time served in county jail before sentencing for the same conduct, including partial days. (§ 2900.5, subd. (a);[2] *People v. Buckhalter* (2001) 26 Cal.4th 20, 30 (*Buckhalter*).)

---

[2]   Section 2900.5, in relevant part, states: "(a) In all felony and misdemeanor convictions . . . when the defendant has been in custody, . . . all days of custody of the defendant . . . credited to the period of confinement pursuant to Section 4019, . . . shall be

4

This credit for "actual days" served is also known as "credit for time served." (*People v. Jacobs* (2013) 220 Cal.App.4th 67, 77 (*Jacobs*).)

A defendant in a felony or misdemeanor case may also earn additional presentence credits against his or her sentence, called "conduct credits," for performing assigned labor (§ 4019, subd. (b)), and for complying with applicable rules and regulations (§ 4019, subd. (c)). (*Buckhalter*, *supra*, 26 Cal.4th at p. 30; *People v. Saibu* (2011) 191 Cal.App.4th 1005, 1011.) The purpose of conduct credits is to encourage good behavior by incarcerated defendants before sentencing. (*People v. Guzman* (1995) 40 Cal.App.4th 691, 695.)

For a crime committed on or after October 1, 2011, a defendant accrues conduct credits at a rate of two days for every four days in actual custody. (§ 4019, subds. (b), (c), (f); *People v. Whitaker* (2015) 238 Cal.App.4th 1354, 1358-1360.) All of the presentence credits, actual and conduct, are credited against the defendant's imposed term of imprisonment. (§ 2900.5, subd. (a); *People v. Sage* (1980) 26 Cal.3d 498, 502.)

In contrast, once a defendant begins serving his or her felony prison sentence, the defendant is governed by an entirely different scheme for earning credits to shorten the period of incarceration. (*Buckhalter*, *supra*, 26 Cal.4th at p. 31.) For every six months of continuous incarceration of a determinate sentence served in state prison, most prisoners receive six months of "worktime credit" toward their terms in prison. (§ 2933, subd. (b);

---

credited upon his or her term of imprisonment . . . . If the total number of days in custody exceeds the number of days of the term of imprisonment to be imposed, the entire term of imprisonment shall be deemed to have been served."

5

*Buckhalter*, *supra*, 26 Cal.4th at p. 31.)  However, under section 2933.1,[3] if a person is convicted of a violent felony listed in section 667.5, subdivision (c) and is sentenced to state prison, the person's presentence conduct credits and postsentence worktime credits are both limited to 15 percent.  (*People v. Valenti* (2016) 243 Cal.App.4th 1140, 1184.)  Specifically, conduct credits cannot exceed 15 percent of the "actual period of confinement."  (§ 2933.1, subd. (c); *Jacobs*, *supra*, 220 Cal.App.4th at p. 79.)  The purpose of section 2933.1 is to " ' "protect the public from dangerous repeat offenders who otherwise would be released." ' "  (*People v. Marichalar* (2003) 144 Cal.App.4th 1331, 1337.)  Because section 2933.1 applies to the offender and not the offense, the statute limits a violent felon's conduct credits for all counts of conviction that encompass the entire prison term, regardless of whether each count falls under section 667.5. (*Valenti*, *supra*, at p. 1184; *Jacobs*, *supra*, at p. 85.)

---

3      Section 2933.1 provides:  "(a) Notwithstanding any other law, any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 shall accrue no more than 15 percent of worktime credit, as defined in Section 2933.  [¶] (b) The 15-percent limitation provided in subdivision (a) shall apply whether the defendant is sentenced under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2 or sentenced under some other law.  However, nothing in subdivision (a) shall affect the requirement of any statute that the defendant serve a specified period of time prior to minimum parole eligibility, nor shall any offender otherwise statutorily ineligible for credit be eligible for credit pursuant to this section.  [¶] (c) Notwithstanding Section 4019 or any other provision of law, the maximum credit that may be earned against a period of confinement in, or commitment to, a county jail, industrial farm, or road camp, or a city jail, industrial farm, or road camp, following arrest and prior to placement in the custody of the Director of Corrections, shall not exceed 15 percent of the actual period of confinement for any person specified in subdivision (a).  [¶] (d) This section shall only apply to offenses listed in subdivision (a) that are committed on or after the date on which this section becomes operative."

6

In *Hamlin, supra*, 170 Cal.App.4th 1412, the appellate court addressed the application of section 2933.1 when a defendant also is sentenced for a misdemeanor. In that case, the trial court sentenced the defendant to life in prison for torture, imposed and stayed determinate terms for four other felony convictions, and sentenced the defendant to three consecutive terms of 180 days for three counts of misdemeanor child abuse. (*Hamlin, supra,* at p. 1421.) The defendant's torture conviction was a violent felony subject to the 15 percent limitation under section 2933.1. (*Hamlin, supra,* at pp. 1476-1477.) At sentencing, the trial court applied the 15 percent limitation to the three consecutive 180-day misdemeanor terms and to the life sentence for torture (after service of the minimum seven years). (*Id.* at p. 1477.) On appeal the defendant argued it was error for the trial court to apply the 15 percent limitation to the time deemed served on the misdemeanors. (*Ibid.*)

In analyzing the applicability of section 2933.1 to the defendant's misdemeanor terms, the appellate court concluded:

> "There is nothing in the statute that restricts application of the 15 percent limit when some portion of the presentence jail time will ultimately be applied to satisfy jail terms on misdemeanor convictions sentenced contemporaneously with the felony conviction that triggers the application of section 2933.1. The statute simply says that when a person is convicted of a qualifying felony, worktime/conduct credits for any time served in jail from arrest to sentencing shall not exceed 15 percent, period. Thus, the statute does not compel, or even support, the result defendant advocates." (*Hamlin*, *supra*, 170 Cal.App.4th at p. 1478.)

Here, the People argue that the holding in *Hamlin, supra,* 170 Cal.App.4th 1412 applies to Mallard's sentence. They note that Mallard's consecutive eighth-month felony

7

term for possession of marijuana was imposed contemporaneously with the three-year term for carjacking, the felony conviction that triggered the 15 percent conduct credit limitation under section 2933.1. The People acknowledge that Mallard's eight-month term for possession of marijuana was subsequently reduced to a misdemeanor under Proposition 47. Nevertheless, they maintain this reduction does not impact the application of section 2933.1. The People emphasize that, under *Hamlin*, if the possession of marijuana conviction had been a misdemeanor when the contemporaneous sentencing for the carjacking occurred, the 15 percent credit limitation found in section 2933.1 would still apply.

In contrast, Mallard insists *Hamlin*, *supra*, 170 Cal.App.4th 1412 is not helpful to the People's argument. First, he attempts to distinguish *Hamlin* from the instant matter factually. He points out that the defendant in *Hamlin* received a life sentence plus three 180-day consecutive sentences for three misdemeanors that he was convicted of along with torture and other felonies. In regard to the instant matter, Mallard states he already served his felony prison term of three years with the 15 percent credit limitation of section 2933.1 and his misdemeanor is a probation violation. Mallard, however, does not explain why these factual differences are significant. We find that the underlying facts here involving the type of crime committed and when the crime was committed do not adequately distinguish the instant matter from *Hamlin*. Mallard's argument overlooks that he was contemporaneously sentenced for his carjacking and possession of marijuana offenses. Moreover, he fails to address the fact that his carjacking felony is listed as a

8

violent felony under section 667.5. In short, the factual differences between *Hamlin* and the instant matter do not lead us to conclude that *Hamlin* is not applicable here.

Next, Mallard focuses on the court's analysis of section 2933.1, subdivision (c) in *Hamlin, supra,* 170 Cal.App.4th 1412 and argues that the court failed to consider subdivisions (a) and (d). He, however, fails to explain why this omission matters here. Section 2933.1, subdivision (a) states, "[n]otwithstanding any other law, any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 shall accrue no more than 15 percent of worktime credit, as defined in Section 2933." It is undisputed that Mallard was convicted of a felony offense listed in section 667.5, subdivision (c).) Thus, it is unclear how subdivision (a) supports Mallard's position.

Likewise, Mallard's reliance on section 2933.1, subdivision (d) is equally puzzling. That subdivision provides, "[t]his section shall only apply to offenses listed in subdivision (a) that are committed on or after the date on which this section becomes operative." Mallard does not argue that he committed his carjacking offense before the date on which section 2933.1 became operative. Again, Mallard does not explain why subdivision (d) renders *Hamlin, supra,* 170 Cal.App.4th 1412 inapplicable here.

Mallard's real argument against the application of section 2933.1 to the remainder of his sentence is that section 2933.1 does not apply when a defendant has already served his or her prison term and is back in local custody serving a term based on a misdemeanor. We reject this contention. As we discuss above, the court in *Hamlin*, *supra*, 170 Cal.App.4th 1412 determined that the custody limitation in section 2933.1 applies when a defendant is convicted of a violent felony under section 667.5,

9

subdivision (c) and contemporaneously sentenced to consecutive sentences for the violent felony as well as other offenses, even if the other offenses are misdemeanors. (*Hamlin*, *supra*, at p. 1478.) Put differently, if Mallard's offense of possession of marijuana had been a misdemeanor at the time Mallard was originally sentenced, under *Hamlin*, section 2933.1 would have applied. There is nothing compelling us to find section 2933.1 inapplicable after Mallard successfully petitioned the superior court, under Proposition 47, to reclassify his felony possession offense to a misdemeanor.

Additionally, contrary to Mallard's contentions, nothing in Proposition 47 necessitates a different result. "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors). Proposition 47 (1) added chapter 33 to the Government Code (§ 7599 et seq.), (2) added sections 459.5, 490.2, and 1170.18 to the Penal Code, and (3) amended Penal Code sections 473, 476a, 496, and 666 and Health and Safety Code sections 11350, 11357, and 11377." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.)

"Proposition 47 also created a new resentencing provision—section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition to recall that sentence and request resentencing. (§ 1170.18, subd. (a).) A person who satisfies the statutory criteria shall have his or her sentence recalled and be 'resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an

10

unreasonable risk of danger to public safety.' (*Id.*, subd. (b).)" (*People v. Lynall* (2015) 233 Cal.App.4th 1102, 1109.)

Here, it is undisputed that Mallard properly received a reclassification of his felony conviction for possession of marijuana to a misdemeanor under Proposition 47. In addition, there is no argument that it was not proper for the superior court to sentence Mallard to serve his remaining 240 days in a local jail. However, Mallard insists because his felony was reclassified under Proposition 47, his reclassified possession of marijuana offense must be treated as a "misdemeanor for all purposes" under section 1170.18, subdivision (k). Mallard thus contends that he is entitled to section 4019[4] credits because his offense is now a misdemeanor for all purposes. In support of his position, he relies on *Alejandro N. v. Superior Court* (2015) 238 Cal.App.4th 1209 (*Alejandro N.*).

In *Alejandro N.*, *supra,* 238 Cal.App.4th 1209, we held that Proposition 47 applies to juvenile defendants, that Alejandro N. was entitled to have his second degree burglary conviction reclassified as a misdemeanor, and that he was entitled to have his DNA records retained as a consequence of his conviction (§ 296) expunged from the database (§ 299), "unless there [was] another basis to retain it apart from his mere commission of the reclassified misdemeanor offense." (*Alejandro N.*, *supra*, at p. 1217.) Mallard's reliance on *Alejandro N.* is misplaced because, in that case, without a felony conviction, the state had no right to retain Alejandro N.'s DNA. In other words, the offense that

---

4    Section 4019 provides that certain misdemeanants meeting specific qualifications can receive 50 percent custody credits while confined in a or committed to a county jail, industrial farm, road camp, or city jail. (§ 4019, subds. (b), (c); see *People v. Whitaker, supra,* 238 Cal.App.4th at p. 1358.)

11

allowed the state to retain Alejandro N.'s DNA no longer existed. In contrast, Mallard's reclassified misdemeanor offense was not the offense that required the application of the credit limitation of section 2933.1. Mallard's carjacking offense was the violent felony that triggered section 2933.1; thus, unlike the reclassification of Alejandro N.'s felony offense to a misdemeanor, the reclassification of Mallard's felony possession of marijuana offense to a misdemeanor did not impact section 2933.1 whatsoever. Therefore, *Alejandro N.* is not instructive here.

Nevertheless, Mallard asserts that section 2933.1 cannot apply to his misdemeanor offense because at the time his felony was reclassified, he had finished his prison term for carjacking. In support of his position, he cites *In re Reeves* (2005) 35 Cal.4th 765 (*Reeves*) and *In re Tate* (2006) 135 Cal.App.4th 756 (*Tate*).

*Reeves* is of no help to Mallard. There, the defendant received concurrent sentences, not consecutive sentences like Mallard. Indeed, our high court noted the difference between consecutive and concurrent sentences, observing that "[w]e may confidently assume that an offender serving a sentence that combines consecutive terms for violent and nonviolent offenses is subject to the credit restriction imposed by section 2933.1[, subdivision] (a) for the entire sentence." (*Reeves*, *supra*, 35 Cal.4th at p. 772; italics omitted.) Thus, if anything, *Reeves* actually undermines Mallard's petition here.

Similarly, *Tate*, *supra*, 135 Cal.App.4th 756 is not useful to Mallard. In that case, the petitioner received a prison sentence for a violent felony offense, which triggered section 2933.1. During his imprisonment, he committed a nonqualifying offense. He received a consecutive sentence for the latter offense, but service of this sentence was not

12

to commence until he had served his sentence for the qualifying offense. The Court of Appeal concluded the fully consecutive sentence for the nonqualifying offense was not subject to section 2933.1, subdivision (a). (*Tate*, *supra*, at pp. 763-766.) The instant matter does not concern such a sentence; therefore, we find *Tate* unhelpful to our instant analysis.[5]

Finally, we are not persuaded by Mallard's argument that allowing the state to impose the 15 percent custody credit limitation for his misdemeanor sentence violates the federal and state equal protection clauses. Here, Mallard claims he was treated differently than a person who committed a misdemeanor before the enactment of Proposition 47. Not so. There is no equal protection violation because Mallard was treated the same under section 2933.1 as a person who had been convicted of and sentenced to consecutive sentences, based in part on a misdemeanor, along with a qualifying felony under section 2933.1, before the enactment of Proposition 47. As such, Mallard cannot show the state has adopted a classification that affects two or more similarly situated groups in an unequal manner. (*People v. Wilkinson* (2004) 33 Cal.4th 821, 836.) His equal protection claim thus fails.

---

5       We also summarily reject Mallard's contention that the rule of lenity entitles him to relief. The rule of lenity applies where there is ambiguity and two reasonable interpretations of a statute stand in relative equipoise. (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1035.) Here, we find no such circumstance exists. Section 2933.1 applies to Mallard, and section 1170.18 does not alter its application.

DISPOSITION

The petition is denied.

_____
HUFFMAN, Acting P. J.

WE CONCUR:


_____
O'ROURKE, J.


_____
IRION, J.