Filed 12/11/17

CERTIFIED FOR PARTIAL PUBLICATION*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. DINH VAN NGUYEN, Defendant and Appellant. | E066293 (Super.Ct.Nos. RIF1301321, RIF1301886) OPINION |

APPEAL from the Superior Court of Riverside County.  Michael B. Donner, Judge.  Affirmed as modified in part, reversed in part, and remanded with directions.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, Arlene A. Sevidal and Minh U. Le, Deputy Attorneys General, for Plaintiff and Respondent.

---

\* Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts I.B and III.

Defendant Dinh Van Nguyen has a prior first degree burglary conviction which qualifies as:

1. A "strike" prior (Pen. Code, §§ 667, subds. (b)-(i), 1170.12);

2. A one-year prior prison term enhancement (Pen. Code, § 667.5, subd. (b)); and

3. A five-year prior serious felony conviction enhancement (Pen. Code, § 667, subd. (a)).

The information in this case contained one paragraph alleging the fact of the prior and citing the statute that defines a strike. It also contained a second paragraph realleging the fact of the prior and citing the statute that defines a prior prison term enhancement. However, it never specifically alleged — either in so many words or by citing the relevant statute — a prior serious felony conviction enhancement.

Defendant admitted the fact of the prior; he did not expressly admit its legal effect. Then, at sentencing, the trial court used the prior as a strike and as a prior serious felony conviction enhancement. Defense counsel did not object.

The trial court erred by imposing the prior serious felony conviction enhancement. Under Penal Code section 1170.1, subdivision (e), an enhancement must "be alleged in the accusatory pleading . . . ." As construed by the Supreme Court, this requirement cannot be satisfied merely by alleging the facts underlying an enhancement as the basis for a substantive offense or for a different enhancement. Moreover, a violation of this requirement results in an unauthorized sentence, and therefore defense counsel did not forfeit the error.

2

# I

## PROCEDURAL BACKGROUND

A.  *Case No. RIF1301321:  Contracting-Related Crimes.*

In case No. RIF1301321 (contracting case), after a jury trial, defendant was found guilty of first degree burglary (Pen. Code, §§ 459, 460, subd. (a)), grand theft (Pen. Code, § 487, subd. (a)), diversion of construction funds (Pen. Code, § 484b), fraudulent use of a contractor's license number (Bus. & Prof. Code, § 7027.3), contracting without a license (Bus. & Prof. Code, § 7028, subd. (a)), and charging an excessive down payment (Bus. & Prof. Code, § 7159.5, subd. (a)(3)).

After waiving a jury, defendant admitted one prior serious and violent felony conviction.  As will be seen, the effect of this admission is disputed.  He was sentenced to a total of 17 years in prison.

B.  *Case No. RIF1301886:  Criminal Threat.*

In case No. RIF1301886 (threat case), defendant pleaded guilty to one count of making a criminal threat.  (Pen. Code, § 422, subd. (a).)  He admitted one prior serious felony enhancement (Pen. Code, § 667, subd. (a)), but the trial court struck this at sentencing.  He was sentenced to one year and four months in prison, to be served consecutively to his sentence in the contracting case.

## II

## THE INFORMATION DID NOT ADEQUATELY ALLEGE

## A PRIOR SERIOUS FELONY CONVICTION ENHANCEMENT

Defendant contends that the trial court erred by imposing a prior serious felony conviction enhancement (Pen. Code, § 667, subd. (a)), because this particular enhancement had not been either alleged or admitted.

A.     *Additional Factual and Procedural Background.*

The information in the contracting case contained two prior conviction allegations.

First, it alleged that on June 9, 2004, defendant was convicted of first degree burglary, and that he had served a prior prison term for this offense, "within the meaning of Penal Code section 667.5, subdivision (b)."

Second, it alleged that on June 9, 2004, defendant was convicted of first degree burglary, "a serious and violent felony . . . within the meaning of Penal Code sections 667, subdivisions (c) and (e)(1), and 1170.12, subdivision (c)(1)."

After a jury found defendant guilty, he agreed to admit the priors.  In response to the prosecutor's questioning, he admitted that:  (1) he had a 2004 conviction for first degree burglary; (2) first degree burglary was a serious felony; and (3) he had been sentenced to six years for this and other crimes.

During the admission colloquy, the prosecutor repeatedly represented to the trial court that what defendant was admitting was a "nickel prior" "under Penal Code section 667(a)."  Defense counsel did not disagree or object.

4

At sentencing, the trial court doubled the term on each felony count pursuant to the three strikes law. This discussion ensued:

"[THE COURT:] As to the 667.5(b), the prison prior, the defendant is sentenced to one year in state prison.

"[THE PROSECUTOR]: I do apologize. I think there's a typo on the [i]nformation. It's a nickel prior under 667(a), because the strike is a serious offense, and the current offense is a serious offense.

"THE COURT: It's five?

"[THE PROSECUTOR]: It's a nick[el] prior.

"THE COURT: There was a typo in what I received.

"[THE PROSECUTOR]: I apologize.

"THE COURT: For the 667.5(a) [*sic*], referred to as the nick[el] prior, the defendant is sentenced to five years in state prison . . . ."

Once again, defense counsel did not object.

B.     *Merits*.

Penal Code section 1170.1, subdivision (e) provides that: "All enhancements shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact."

*People v. Mancebo* (2002) 27 Cal.4th 735, although not precisely on point, is the most relevant Supreme Court case. There, the defendant was charged with forcible sex offenses against each of two victims. It was further alleged that he was subject to

5

sentencing under the "One Strike" law based on, among other things, the use of a firearm. (Pen. Code, § 667.61, former subd. (e)(4); see now *id.*, subd. (e)(3).) Finally, it was alleged that, in the commission of the sexual offenses, he personally used a firearm. (Pen. Code, § 12022.5, subd. (a).) (*Mancebo*, *supra*, at p. 740; see also *id.* at pp. 742–743.) He was found guilty as charged, and all enhancement allegations were found true. (*Id.* at p. 740.)

At sentencing, the trial court recognized that it could not impose *both* firearm use enhancements *and* One Strike sentencing based on firearm use. (*People v. Mancebo*, *supra*, 27 Cal.4th at p. 740, citing Pen. Code, § 667.61, subd. (f).) Nevertheless, it imposed the firearm use enhancements, and it imposed One Strike sentencing based on multiple victims; it reasoned that the jury had necessarily found that there were multiple victims, even though the information had not alleged a multiple-victim special circumstance. (*Ibid.*, citing Pen. Code, § 667.61, former subd. (e)(5); see now *id.*, subd. (e)(4).)

On appeal, the Supreme Court reversed, holding that the trial court could not use the multiple-victim special circumstance in sentencing because it had not been pleaded. (*People v. Mancebo*, *supra*, 27 Cal.4th at p. 754.) It noted that the One Strike Law requires that a special circumstance must be "alleged in the accusatory pleading" and "either admitted by the defendant in open court or found to be true by the trier of fact." (*Id.* at p. 743, italics omitted, citing Pen. Code, § 667.61, former subd. (i); see now *id.*, subd. (o).) To satisfy the allegation requirement, it was not adequate to allege the *fact* of

6

multiple victims (*id*. at pp. 744–745); rather, it was necessary to "allege[] multiple victim circumstances" and/or to "reference[] subdivision (e)(5) of [Penal Code] section 667.61 . . . ." (*Id*. at p. 745.)

"[N]o factual allegation in the information or pleading in the statutory language informed defendant that if he was convicted of the underlying charged offenses, the court would consider his multiple convictions as a basis for One Strike sentencing . . . . Thus, the pleading was inadequate because it failed to put defendant on notice that the People, for the first time at sentencing, would seek to use the multiple victim circumstance to secure indeterminate One Strike terms . . . ." (*People v. Mancebo*, *supra*, 27 Cal.4th at p. 745.)

The court also stated: "There can be little doubt that the prosecution understood the One Strike law's express pleading requirements and knew how to comply with them. . . . [Thus,] the People's failure to include a multiple-victim-circumstance allegation must be deemed a discretionary charging decision." (*People v. Mancebo*, *supra*, 27 Cal.4th at p. 749.)

In a footnote, the court acknowledged that other statutes used similar "'pled and proved' or 'alleged and found true' language . . . ." (*People v. Mancebo*, *supra*, 27 Cal.4th at p. 745, fn. 5.) Nevertheless, it stated: "We caution that our holding is limited to a construction of the language of section 667.61 . . . . We have no occasion in this case to interpret other statutory provisions not directly before us." (*Ibid*.)

7

Here, similarly, the information failed to allege a prior serious felony conviction. Admittedly, it did plead the *fact* of the conviction. Ordinarily, "[t]here is no requirement that [an] information name the statute which the accused is charged with violating, so long as the charging language adequately informs the accused of the act which she is charged with committing. [Citations.]" (*Isaac v. Superior Court* (1978) 79 Cal.App.3d 260, 262.) Under *Mancebo*, however, this is not enough to satisfy a statutory "pled and proved" requirement.

We recognize that the holding of *Mancebo* was expressly limited to the One Strike Law, Penal Code section 667.61. Nevertheless, we are unable to distinguish the language of Penal Code section 667.61, former subdivision (i) ("alleged . . . and . . . either admitted . . . or found to be true") from the language of Penal Code section 1170.1, subdivision (e) ("alleged . . . and either admitted . . . or found to be true"). Moreover, *Mancebo* relied on a number of cases that it found to be analogous, even though they dealt with other statutes. (*People v. Mancebo*, *supra*, 27 Cal.4th at pp. 745–747.) These included *People v. Hernandez* (1988) 46 Cal.3d 194, which involved Penal Code former section 667.8, and *People v. Najera* (1972) 8 Cal.3d 504, which involved Penal Code section 12022.5.

The information affirmatively indicated that the prior conviction was being pleaded *solely* for purposes of the three strikes law. Significantly, every prior serious felony conviction is *necessarily* also a strike prior. (Compare Pen. Code, § 667, subd. (a)(1) & (a)(4) with Pen. Code, §§ 667, subd. (d)(1) & (d)(2), 1170.12, subd. (b)(1) & (b)(2).) Charging language which expressly states that a fact is alleged to invoke one

8

particular statute does not adequately inform the accused that the People will use it to invoke a different statute. (Cf. *People v. Sweeney* (2016) 4 Cal.App.5th 295, 301 [information alleging elevated sentence under Pen. Code, § 186.22, subd. (d) did not provide adequate notice of enhancement under Pen. Code, § 186.22, subd. (b) when the two provisions were mutually exclusive].) Accordingly, when, as here, the People allege a prior serious felony conviction, and when they cite the three strikes law but do *not* cite the prior serious felony conviction statute, we can only conclude that they have made "a discretionary charging decision."[1]

---

[1] We are not aware of any requirement that a prosecutor *must* plead and prove every prior serious felony conviction as an enhancement under Penal Code section 667, subdivision (a).

Penal Code section 969 provides: "[A]ll known previous convictions . . . must be charged." However, the Supreme Court has stated that Penal Code "[s]ection 969 does not itself articulate a duty to charge prior convictions but simply specifies, once a duty to charge a prior conviction is imposed by *some other law*, that all such priors be charged. [Citations.]" (*In re Varnell* (2003) 30 Cal.4th 1132, 1141, fn. 6, italics added, italics omitted.)

Similarly, the three strikes law states that it "shall be applied in every case in which a defendant has one or more prior serious and/or violent felony convictions . . . . The prosecuting attorney shall plead and prove each prior serious and/or violent felony conviction," subject to specified exceptions not applicable here. (Pen. Code, § 667, subd. (f)(1).) It further states, "[t]he prosecution shall plead and prove all known prior felony serious and/or violent convictions . . . ." (*Id.*, subd. (g).) Here, however, the prosecution *did* plead defendant's prior serious felony conviction, expressly for purposes of the three strikes law. As far as our research reveals, these provisions of the three strike law have never been interpreted as requiring the prosecution to plead and prove a prior conviction *as a prior serious felony conviction enhancement*.

We are not holding that an information must cite the applicable enhancement statute. It might be sufficient to allege that the defendant has a certain prior serious felony conviction "for enhancement purposes" or "for purposes of a five-year enhancement." It might even be sufficient (though we need not decide the question here) to allege the conviction "for all applicable purposes" or for no specified purpose whatsoever. (See *People v. Thomas* (1986) 41 Cal.3d 837, 843 [When "[t]he defect in the pleading . . . is one of uncertainty only, [it] is waived by defendant's failure to demur. [Citations.]"].)

Our holding finds support in *People v. Botello* (2010) 183 Cal.App.4th 1014. There, the information alleged gang enhancements; it also alleged personal firearm use enhancements under Penal Code section 12022.53, subdivisions (b), (c), and (d). The jury found all of these enhancements to be true. (*Botello*, *supra*, at p. 1021.) On appeal, however, the People conceded that there was insufficient evidence that either of the defendants was the shooter; they asked the appellate court to impose gang vicarious firearm discharge enhancements under Penal Code section 12022.53, subdivision (e). (*Botello*, supra, at p. 1022.) The appellate court held that this was prohibited under *Mancebo*. (*Botello*, *supra*, at pp. 1022–1027.) It noted that in *Mancebo*, "the inadequacy of pleading identified by the Supreme Court was not the failure to plead facts that would support the multiple victim circumstance, but rather the failure to plead the circumstance itself." (*Botello*, *supra*, at p. 1024; see also *People v. Wilford* (2017) 12 Cal.App.5th 827, 835–840 [information alleged prior conviction for purposes of Pen. Code, § 273.5, subd.

10

(h)(1) (15-day minimum sentence), but trial court used it for purposes of Pen. Code, § 273.5, subd. (f)(1) (increased sentencing range); held, this violated *Mancebo*].)

The People rely on Penal Code section 952, which provides, in part, "In charging an offense, each count shall contain, and shall be sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statement may be made in ordinary and concise language without any technical averments or any allegations of matter not essential to be proved." It has been stated, however, that Penal Code "sections 950 through 952, relating to how crimes and offenses are charged, do not apply to how enhancement allegations are charged." (*People v. Jackson* (1985) 171 Cal.App.3d 609, 615, disapproved on other grounds in *Tobe v. City of Santa Ana* (1995) 9 Cal.4th 1069, 1091, fn. 10.)

The People also rely on *People v. Fialho* (2014) 229 Cal.App.4th 1389. There, the information charged the defendant with murder and attempted murder, with enhancements for personally and intentionally discharging a firearm, causing death or great bodily injury, under Penal Code section 12022.53, subdivision (d). (*Fialho*, *supra*, at p. 1393.) The jury found him guilty of the lesser included offenses of voluntary manslaughter and attempted voluntary manslaughter. It also found the enhancements true. (*Ibid.*) However, these enhancements could not apply to the lesser offenses. (*Ibid.*; see also *id.* at p. 1395.) The trial court therefore imposed personal firearm use enhancements under Penal Code section 12022.5, subdivision (a) instead. (*Fialho*, *supra*, at p. 1394.)

11

On appeal, the defendant argued that he could not be subjected to the enhancements under Penal Code section 12022.5, subdivision (a) because they had not been alleged or found true. (*People v. Fialho*, *supra*, 229 Cal.App.4th at pp. 1394–1395.) The appellate court disagreed: "[Penal Code] section 1170.1, subdivision (e) does not preclude the imposition of "'lesser included enhancements'" [citation] when the charged enhancement is either factually unsupported or inapplicable to the offense of conviction." (*Id*. at p. 1397.) It noted that "there is precedent in case law for imposition of uncharged but "'lesser included enhancements'" [citation] . . . ." (*Id*. at p. 1395.)

It further held: "We also conclude that [Penal Code] section 1170.1, subdivision (e) does not require the prosecution to include specific statutory references for enhancement allegations. It is well-settled that only the factual allegations underlying an offense or enhancement must be pleaded, unless the relevant statute provides otherwise. [Citations.] Here the information pleaded all the facts necessary for the former section 12022.5 enhancements in the section 12022.53 allegations." (*People v. Fialho*, *supra*, 229 Cal.App.4th at p. 1397.)[2]

A dissenting justice would have held that Penal Code section 1170.1, subdivision (e) "impos[es] specific pleading requirements for enhancements . . . ." (*People v. Fialho*,

---

[2]    Oddly, the court cited *Mancebo* only once, and then in support of the proposition that the "multiple-victim circumstance of [Penal Code section] 667.61, subd[ivision] (e)(5) must be pleaded by 'factual allegation' *or* by 'pleading in the statutory language' . . . ." (*People v. Fialho*, *supra*, 229 Cal.App.4th at p. 1397, italics added.) However, this is simply not a tenable reading of *Mancebo*; after all, there, the crucial factual allegation — multiple victims — was pleaded.

12

*supra*, 229 Cal.App.4th at p. 1400 [dis. op. of Márquez, J.].)  "The plain language of [Penal Code] section 1170.1[, subdivision] (e) requires that all enhancements be 'alleged in the accusatory pleading,' and that all enhancements be 'admitted by the defendant in open court or found to be true by the trier of fact.'  Neither of these statutory requirements were satisfied . . . ."  (*Ibid.*)

We may assume, without deciding, that *Fialho* correctly states the law with regard to lesser included enhancements.  The fact that the prosecution alleges the greatest potentially available enhancement does not suggest that it has made a discretionary charging decision to *forgo* a lesser included enhancement, if the greater turns out to be unavailable.  But the situation here is significantly different.  Here, the prosecution knew all along that the same prior could serve as both a strike and a prior serious felony conviction enhancement.  In the words of *Mancebo*, its choice to allege one but not the other "must be deemed a discretionary charging decision."

Last but not least, the People also rely on *People v. Tardy* (2003) 112 Cal.App.4th 783.  In *Tardy*, the information charged the defendant with robbery and alleged eight prior prison term enhancements (Pen. Code, § 667.5, subd. (b)).  (*Tardy*, *supra*, at p. 785.)  The jury, however, found him guilty of the lesser included offense of petty theft.  (*Id.* at pp. 785–786.)  The prosecution took the position that, because of the defendant's prior convictions, he was guilty of petty theft with a prior.  (Pen. Code, § 666.)  The defendant then admitted the prior prison term enhancements, and the trial court sentenced him under Penal Code section 666.  (*Tardy*, *supra*, at p. 786.)

13

The appellate court found no error. It explained: "[Penal Code] section 666 by its terms does not require the statute to be specifically pleaded in the information or indictment. [Citations.] Nor do constitutional principles of due process require that the statute be specifically alleged as long as the pleading apprises the defendant of the potential for the enhanced penalty and alleges every fact and circumstance necessary to establish its applicability. [Citations.]" (*People v. Tardy*, *supra*, 112 Cal.App.4th at p. 787.)

It also stated: "*Mancebo* . . . stands for the limited proposition that a defendant is entitled to notice of the specific facts that will be used to support an enhanced sentence. Facts alleged and proved only as part of the substantive crime charged cannot later be used to support a sentencing enhancement. [Citation.] Tardy's sentence, however, unlike Mancebo's, was enhanced based on facts specifically pleaded and proved as enhancements." (*People v. Tardy*, *supra*, 112 Cal.App.4th at p. 789.)

Much as with *Fialho*, we do not disagree with the result in *Tardy*. The fact that Penal Code section 666 contains no "pled and proved" requirement is sufficient to distinguish *Tardy* from *Mancebo* as well as from this case. However, for this very reason, it was unnecessary for the *Tardy* court to declare that *Mancebo* is "limited" and does not apply when the prosecution seeks to use facts pleaded as an enhancement to support a different enhancement. We find nothing in *Mancebo* itself that would warrant this supposed limitation.

We therefore conclude that the trial court erred by imposing the unpleaded five-year prior serious felony conviction enhancement. The People ask us, in this event, to impose the one-year prior prison term enhancement instead, which was pleaded and found true. Defendant's reply brief does not respond to the People's request; we deem this to be acquiescence. (*In re A.R.* (2014) 228 Cal.App.4th 1146, 1153.)

The trial court never struck the prior prison term enhancement. It simply failed to impose it — apparently because it could not impose both enhancements at the same time. (*People v. Jones* (1993) 5 Cal.4th 1142, 1149–1153.) Reversing the prior serious felony conviction enhancement should therefore revive the prior prison term enhancement. (*People v. Haskin* (1992) 4 Cal.App.4th 1434, 1441.) Accordingly, we will modify the judgment so as to impose the prior prison term enhancement.

C.      *Forfeiture*.

It is well-established that a lack of notice can be forfeited by failure to object, even when it is claimed that it violated due process. (*People v. Abilez* (2007) 41 Cal.4th 472, 521, fn. 12.) In particular, when a defendant is convicted of an offense that was not alleged in the accusatory pleading, an objection based on lack of due process notice cannot be raised for the first time on appeal. (*People v. Goolsby* (2015) 62 Cal.4th 360, 367; *People v. Toro* (1989) 47 Cal.3d 966, 976-978.)

We therefore questioned whether defendant's trial counsel forfeited defendant's present contention by failing to object below. At our request, the parties submitted further briefing on this issue.

15

As defendant points out, in *Mancebo* itself, the Supreme Court held that the defendant did not forfeit the error by failing to object. (*People v. Mancebo*, *supra*, 27 Cal.4th at p. 749, fn. 7.) It relied on the unauthorized sentence exception — i.e., principles of waiver and forfeiture do not apply to "'legal error resulting in an unauthorized sentence [that] commonly occurs where the court violates mandatory provisions governing the length of confinement.' [Citation.]" (*Ibid*.) In the case before it, the sentence was unauthorized because it violated the "pled and proved" requirement of Penal Code section 667.61. (*Mancebo*, *supra*, at p. 749, fn. 7.)

*Mancebo* is primarily a statutory decision, not a constitutional decision. Admittedly, the court did observe that "in addition to the statutory requirements that enhancement provisions be pleaded and proven, a defendant has a cognizable due process right to fair notice of the specific sentence enhancement allegations that will be invoked to increase punishment for his crimes." (*People v. Mancebo*, *supra*, 27 Cal.4th at p. 747.) It also noted that the case "implicated" "due process fair notice concerns . . . ." (*Id*. at p. 754.) Nevertheless, it stopped short of premising its decision on due process. For example, as mentioned earlier, it stated: "[O]ur holding is limited to a construction of the language of section 667.61 . . . . We have no occasion in this case to interpret other statutory provisions not directly before us." (*Id.* at p. 745, fn. 5.) A decision based on due process, by contrast, would necessarily apply to other statutory provisions.

Here, defendant invokes Penal Code section 1170.1, subdivision (e), although he also states that he "failed to receive proper and adequate notice and was thereby denied

16

due process." It may well be that defense counsel forfeited any constitutional objection based on lack of notice in violation of due process by failing to raise it below. However, he could not and he did not forfeit a statutory objection, based on Penal Code section 1170.1, subdivision (e), because the violation resulted in an unauthorized sentence.

III

ERRONEOUS LIMITATION ON CONDUCT CREDIT

Defendant contends that the trial court erred by limiting his presentence conduct credit to 15 percent. The People concede the error.

The trial court awarded defendant 624 days of actual presentence custody credit, plus 126 days of "2933.1 time." The minute order added the explanation, "[v]iolent [f]elony."

"A defendant in a felony or misdemeanor case may . . . earn additional presentence credits against his or her sentence, called 'conduct credits,' for performing assigned labor [citation] and for complying with applicable rules and regulations [citation]. [Citations.]" (*In re Mallard* (2017) 7 Cal.App.5th 1220, 1225.) "For a crime committed on or after October 1, 2011, a defendant accrues [presentence] conduct credits at a rate of two days for every four days in actual custody." (*Ibid.*; see Pen. Code, § 4019, subds. (b), (c).)[3]

---

[3]    Defendant's burglary was committed in November 2011.

17

Under Penal Code section 2933.1, subdivision (c), however, when a person is convicted of a violent felony, as defined in Penal Code section 667.5, subdivision (c), his or her presentence conduct credits are limited to "15 percent of the actual period of confinement . . . ."[4]

In the contracting case, defendant was convicted of, among other things, first degree burglary. First degree burglary is a *serious* felony under Penal Code section 1192.7, subd. (c)(18). However, it is not a *violent* felony under Penal Code section 667.5, subdivision (c), unless "it is *charged* and proved that another person, other than an accomplice, was present in the residence during the commission of the burglary." (*Id*., subd. (c)(21), italics added.) The evidence at trial showed that another person who was not an accomplice was actually present. Also, the trial court could, at least arguably, make the necessary finding. (See *People v. Garcia* (2004) 121 Cal.App.4th 271, 277–280.) Nevertheless, this fact was never charged.[5]

We therefore conclude that defendant was entitled to presentence conduct credit at the two-for-four rate.

---

[4] Parenthetically, we are at a loss to understand how the trial court came up with the figure of 126 days. This is not 15 percent of 624; rather, it is slightly more than 20 percent. Thus, it appears that the calculation needs to be redone in any event.

[5] The trial court may have been misled by the probation report, which at one point described count 1 as "Burglary – residential/vic[tim] present."

IV

DISPOSITION

The judgment is modified by striking the prior serious felony conviction enhancement and the related five-year term, and by adding a prior prison term enhancement and a related one-year term, to be served consecutively.  The judgment is reversed, solely with respect to the calculation of presentence conduct credit, and the matter is remanded with directions to recalculate defendant's presentence conduct credit. In all other respects, the judgment as modified is affirmed.

CERTIFIED FOR PARTIAL PUBLICATION

RAMIREZ
P. J.


We concur:

McKINSTER
J.

MILLER
J.