Filed 11/22/21  P. v. Collins CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>STEVEN MATTHEW COLLINS,<br><br>    Defendant and Appellant. | B310570<br><br>(Los Angeles County<br>Super. Ct. No. YA094354) |

        APPEAL from an order of the Superior Court of Los Angeles County, Alan B. Honeycutt, Judge.  Affirmed with directions as modified.

————————————————

        Michael C. Sampson, under appointment by the Court of Appeal, for Defendant and Appellant.

        Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Paul M. Roadarmel, Jr., and Michael Katz, Deputy Attorneys General for Plaintiff and Respondent.

————————————————

In June 2019, we affirmed defendant and appellant Steven Matthew Collins's convictions of voluntary manslaughter and being a felon in possession of a firearm, reversed his conviction of assault with a firearm, and directed the trial court to hold a new sentencing hearing. In resentencing Collins, the court awarded Collins additional local conduct credits based on time he served in prison after his original sentencing. This was error. We modify the judgment to correct the error and affirm the judgment as modified.

## FACTUAL AND PROCEDURAL HISTORY

On November 8, 2016, a jury convicted Collins of voluntary manslaughter (Pen. Code, § 192, subd. (a)),[1] of being a felon in possession of a firearm (§ 29800, subd. (a)(1)), and assault with a firearm (§ 245, subd. (a)(2)). The jury also found that Collins personally used a firearm during the commission of the voluntary manslaughter. (§ 12022.5, subd. (a).)

The trial court sentenced Collins to prison for 16 years 8 months, comprised of 11 years on the voluntary manslaughter conviction plus four years on the firearm enhancement, a consecutive eight-month term on the conviction for being a felon in possession of a firearm, and a consecutive one-year term on the assault with a firearm conviction. The court credited Collins's sentence with 824 actual days in custody plus 124 days of "good time/work time" credits for total credits of 948 days. (§§ 2933.1, subd. (c), 4019.) These credits are set forth in an abstract of judgment filed on May 4, 2017.

In June 2019, we reversed Collins's conviction for assault with a firearm and directed the trial court to consider whether to strike the firearm enhancement pursuant to a post-conviction

---

[1] Subsequent unspecified statutory references are to the Penal Code.

amendment to section 12022.5, subdivision (c). (*People v. Ketchens et al.* (June 7, 2019, B282486) [nonpub. opn.].) We further directed that the court may consider defendant's argument, presented for the first time on appeal, concerning clarification of the court's restitution orders. (*Ibid.*)

On December 3, 2020, the trial court held a new sentencing hearing. The court declined to strike the firearm enhancement and resentenced Collins to an aggregate term of 15 years 8 months in prison. The court also clarified its restitution order by stating that the obligation is joint and several among Collins and a codefendant, and ordered that certain fines and assessments be stayed. Lastly, the court accepted Collins's counsel's representation that Collins had credits of 1,774 actual days in custody.

The court explained that "credits are limited to 15 percent under [section] 2933.1"[2] and, based on this percentage, calculated that Collins "has good time/work time credits of 266 additional days for a total credit calculation of 2,040 days." The court filed an abstract of judgment that reflected this calculation.

In January 2021, Collins filed a timely notice of appeal. We appointed counsel for him.

---

[2] Subdivision (a) of section 2933.1 provides: "Notwithstanding any other law, any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 shall accrue no more than 15 percent of worktime credit, as defined in Section 2933."

Subdivision (c) of section 2933.1 provides: "Notwithstanding Section 4019 or any other provision of law, the maximum credit that may be earned against a period of confinement in, or commitment to, a county jail . . . following arrest and prior to placement in the custody of the Director of Corrections, shall not exceed 15 percent of the actual period of confinement for any person specified in subdivision (a)."

On June 8, 2021, Collins's appellate counsel sent a letter to the trial court asking the court to correct an error in the calculation of Collins's custody credits. According to counsel, the number of actual days in custody as of the date of resentencing was 2,140 days. This equaled the 824 actual days Collins served prior to his original sentencing plus 1,316 actual days in custody "after his initial sentencing." Counsel did not mention the court's calculation of credits for time other than actual days in custody.

On June 18, 2021, the trial court filed an amended abstract of judgment, which states that Collins has 2,140 actual days of custody credit. The court sua sponte added 321 days—15 percent of 2,140—as "local conduct" credit, for a total of 2,461 "total credits." (Capitalization omitted.)

On June 28, 2021, Collins's counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), in which he raised no issues and requested that we independently review the record to determine if the lower court committed any error. On the same day, we sent a letter to Collins advising him that he could, within 30 days, personally submit any contentions or issues that he wished us to consider. Collins did not file a supplemental brief or otherwise inform us of any potential issues for us to consider.

In the course of reviewing the record pursuant to *Wende*, we identified the issue we address below and found no other arguable issues.

On August 31, 2021, on our own motion, we took judicial notice of the original abstract of judgment filed on May 4, 2017, and the amended abstract of judgment filed on June 18, 2021. On the same day, we informed Collins's counsel and the Attorney General of the following: "The abstract of judgment concerning appellant filed on May 4, 2017 in connection with appellant's original sentencing hearing states that the amount of local conduct credit is 124 days. The abstract of judgment concerning appellant filed in

the superior court on June 18, 2021, after appellant's resentencing hearing, states the amount of local conduct credit is 321 days. It appears from the record that the court increased the local conduct credit based on the period of time appellant was serving his sentence in prison after his original sentencing. If so, such increase may be unauthorized. (See *People v. Buckhalter* (2001) 26 Cal.4th 20, 30–34 [(*Buckhalter*)].)" We also requested "the parties brief the following issues: (1) Whether the amount of local conduct credit stated in the abstract of judgment filed in the superior court on June 18, 2021 is erroneous; and (2) if so, whether the People have waived or forfeited any challenge to the amount by failing to object below or raise the issue on appeal."

The parties submitted the requested briefs. In Collins's brief, counsel states that the court's calculation of conduct credits "was arguably improper under *Buckhalter*." He argues, however, that "any error has no effect since the appropriate amount of conduct credits in this case will ultimately be awarded by the [California Department of Corrections and Rehabilitation]." Collins's counsel asserted "no position on the issue of whether respondent has forfeited any challenge to the trial court's credit calculation."

The Attorney General argued that the court's award of additional local conduct credits is error and, because the sentence is unauthorized, the People did not forfeit the issue by failing to object.

## DISCUSSION

Under section 4019, a criminal defendant in custody in county jail after arrest and prior to sentencing for a felony conviction may receive credit against his sentence for work performed and good conduct in addition to credit for days actually in custody. (§§ 2900.5, subd. (a), 4019, subds. (a)(4), (b) & (c); *Buckhalter*, *supra*, 26 Cal.4th at p. 30; *In re Mallard* (2017) 7 Cal.App.5th 1220,

5

1224–1225.) Such credits are sometimes described as "local conduct credits." (See, e.g., *People v. Brown* (2012) 54 Cal.4th 314, 326; *People v. Garcia* (2012) 209 Cal.App.4th 530, 537.) When, as here, the defendant is convicted of a violent felony listed in section 667.5, subdivision (c), the number of local conduct credits cannot exceed 15 percent of defendant's actual period of confinement. (§ 2933.1, subd. (c); *In re Mallard*, *supra*, 7 Cal.App.5th at p. 1225; *People v. Rosales* (2014) 222 Cal.App.4th 1254, 1262.)

At the time of sentencing, the court shall, with the aid of a probation report, determine the amount of local conduct credits, as well as the number of actual days served and the total number of days to be credited, and set forth these amounts in an abstract of judgment. (*Buckhalter*, *supra*, 26 Cal.4th at p. 30; *People v. Black* (2009) 176 Cal.App.4th 145, 154; *People v. Donan* (2004) 117 Cal.App.4th 784, 790 (*Donan*); §§ 1191.3, subd. (a), 2900.5, subd. (d); Cal. Code Regs., tit. 15, § 3043.1; Cal. Rules of Court, rules 4.310, 4.411.5(a)(11) & 4.472; Judicial Council Forms, form CR-290 (rev. July 1, 2012) p. 2.)

Once the defendant "begins serving his prison sentence, an entirely distinct and exclusive scheme for earning credits" applies. (*Buckhalter*, *supra*, 26 Cal.4th at p. 31.) At that point, the defendant no longer earns local conduct credit under section 4019 (*Buckhalter*, *supra*, at pp. 33, 40); instead, credit for time other than actual days served in prison may be awarded by the California Department of Corrections and Rehabilitation (CDCR) for a variety of reasons, such as "good behavior" (§ 2931, subd. (a)), worktime (§ 2933), participating in rehabilitative programs (§ 2933.05, subd. (a)), being trained for firefighter assignments (§ 2933.3, subd. (c)), performing "a heroic act in a life-threatening situation," or providing "exceptional assistance in maintaining the safety and security of a prison" (§ 2935). (See Cal. Const., art. I, § 32, subd. (a)(2); § 1191.3, subd. (a); Cal. Code Regs., tit. 15,

6

§§ 3043.2−3043.7.)[3] The CDCR may also determine that credits it had previously awarded be forfeited due to the inmate's misconduct and restore credits that have been forfeited. (*Buckhalter*, *supra*, 26 Cal.4th at p. 31; §§ 2932, subd. (a), 2933, subd. (d).) "Accrual, forfeiture, and restoration of prison worktime credits are pursuant to procedures established and administered by the Director [of the CDCR]." (*Buckhalter, supra,* at p. 31.)

When, as here, a defendant has been serving a sentence in prison and an appellate court issues a decision requiring the trial court to resentence the defendant, the trial court shall determine the number of actual days to be credited to defendant's sentence and include that number in a new abstract of judgment. (*Buckhalter*, *supra*, 26 Cal.4th at pp. 29, 37, 41; *People v. Saibu* (2011) 191 Cal.App.4th 1005, 1012 (*Saibu*); *People v. Robinson* (1994) 25 Cal.App.4th 1256, 1257−1258, disapproved on another point in *Buckhalter*, *supra*, 26 Cal.4th at p. 40; Couzens et al., Sentencing Cal. Crimes (The Rutter Group 2021) § 29:11, pp. 29-31 to 29-32 (Couzens).) This number is the sum of the actual days in custody in county jail prior to the original sentencing plus the actual days in custody, wherever served, after the original

---

[3] As our Supreme Court has explained, "the pre- and post[-]sentence credit systems serve disparate goals and target persons who are not similarly situated. The presentence credit scheme, section 4019, focuses primarily on encouraging minimal cooperation and good behavior by persons temporarily detained in local custody before they are convicted, sentenced, and committed on felony charges. By contrast, the worktime credit scheme for persons serving prison terms emphasizes penological considerations, including the extent to which certain classes of prisoners, but not others, deserve or might benefit from incentives to shorten their terms through participation in rehabilitative work, education, and training programs operated by the Department of Corrections." (*Buckhalter*, *supra*, 26 Cal.4th at p. 36.)

sentencing.  (*Buckhalter*, *supra*, 26 Cal.4th at p. 37; *Saibu*, *supra*, 191 Cal.App.4th at p. 1012; Couzens, *supra*, §§ 15:15, pp. 15-52 to 15-53 & 29:11, pp. 29-31 to 29-32.)

In addition to determining the sum of defendant's actual days in custody before and after the original sentencing, the resentencing court must state in the new abstract of judgment the amount of local conduct credits earned under section 4019 while the defendant was held in county jail prior to the original sentencing.  (§§ 2900.5, subds. (a) & (d); Couzens, *supra*, § 29:11, pp. 29-31 to 29-32.)  The resentencing court does not calculate or add to the amount of local conduct credits any amount based upon the time the defendant has been in prison after the original sentencing.  (*Buckhalter*, *supra*, 26 Cal.4th at pp. 29, 33, 39–40 & fn. 9; *People v. Brown* (2004) 33 Cal.4th 382, 405; *Saibu*, *supra*, 191 Cal.App.4th at p. 1013, fn. 9; Couzens, *supra*, § 29:11, pp. 29-31 to 29-32.)  The CDCR, not the trial court, determines the amount of any post-sentence conduct credits the defendant has accrued while in CDCR custody. (Cal. Const., art. I, § 32, subd. (a)(2); §§ 2931, subd. (a), 2933.05, subd. (a); Couzens, *supra*, § 29:11, pp. 29-31 to 29-32; see *In re Martinez* (2003) 30 Cal.4th 29, 37 [calculation of conduct credit earned during prison confinement prior to resentencing is "left to prison authorities"]; *Donan, supra,* 117 Cal.App.4th at p. 792 ["[i]t is up to the Department of Corrections to decide what conduct credits are received" while defendant is in prison after original sentencing and prior to retrial]; *People v. Chew* (1985) 172 Cal.App.3d 45, 50–51 (*Chew*) [resentencing "court abuses its discretion when it attempts to determine prison behavior and worktime credits earned to date, except when it is done after the

administrative process is completed"], disapproved on another point in *Buckhalter*, *supra*, 26 Cal.4th at p. 40.)[4]

Here, when the court resentenced Collins on December 3, 2020, the court accepted Collins's counsel's representation that Collins had served a total of 1,774 actual days in jail prior to sentencing and in prison after sentencing. The court multiplied that number by 15 percent based upon section 2933.1 to calculate "credits of 266 additional days for a total credit calculation of 2,040 days." The court reported the 266 days of credit as "local conduct" on the abstract of judgment.

The court's determination was flawed because it calculated Collins's local conduct credit by applying a multiple of 15 percent to all of Collins's actual days in custody, including his post-sentencing custody in prison. According to the original abstract of judgment, the accuracy of which is not disputed, Collins served 824 days in custody prior to sentencing and, in accordance with the 15 percent limitation mandated by section 2933.1, subdivision (c), he was credited with 124 days of local conduct credit. Regardless of the number of actual days Collins thereafter served in prison, his pre-sentence custody time in county jail, and therefore his 124 days of local conduct credit, did not change. Increasing that number to 266 days was therefore error.

---

[4] While recognizing that credit for time in prison is ordinarily "an administrative responsibility" that "will not be a concern of the sentencing court," one court observed that "it may be appropriate for the resentencing court to resolve how many prison credits are then due the defendant. For example, when it appears the defendant has earned sufficient credits to avoid being returned to prison, court calculation would be appropriate. However, this calculation should follow a requested administrative determination." (*Chew, supra,* 172 Cal.App.3d at p. 49, disapproved on another point in *Buckhalter*, *supra*, 26 Cal.4th at p. 40.)

9

After Collins's appellate counsel informed the trial court that the court's determination of Collins's actual time in custody was erroneous, the court issued an amended abstract of judgment with the corrected number of actual days, but repeated its error of calculating additional local conduct credit based in part upon time Collins served in prison. Although the amount of local conduct credit remained fixed at 124 days, the court purported to increase such credit to 321 days. The result is an unauthorized sentence. (See *People v. Duran* (1998) 67 Cal.App.4th 267, 270 [award of presentence credits in excess of that which was statutorily permitted "resulted in an unauthorized sentence"]; *People v. Macias* (1979) 93 Cal.App.3d 788, 792 [allowance of presentence credits contrary to statute "was beyond the jurisdiction of the trial court"].)

In his supplemental brief, Collins's counsel argues that the "error has no effect since the appropriate amount of conduct credits in this case will ultimately be awarded by the CDCR." We disagree. Although the CDCR is responsible for awarding credits, if any, for the time Collins serves in its custody, in calculating his release date, the CDCR would presumably rely in part on the trial court's erroneous statement of local conduct credits and total credits set forth in the abstract of judgment. (See § 2900.5, subd. (e).) We cannot say that the error is harmless.

The People did not object to the court's calculation of credits at the resentencing hearing and raised no objection to the abstract of judgment filed on June 18, 2021. The Attorney General, however, asserts that the People have not forfeited this issue by failing to raise it prior to our request for briefing on the issue, and Collins does not dispute this point. We agree with the Attorney General that, because the error resulted in an unauthorized sentence, the issue has not been forfeited. (See *People v. Rodriguez* (2000) 80 Cal.App.4th 372, 378, fn. 30; *People v. Crooks* (1997) 55 Cal.App.4th 797, 810−811.)

The judgment is not otherwise infirm. We will therefore modify the judgment to correct the unauthorized sentence and affirm it as modified.

## DISPOSITION

The judgment is modified such that Collins shall be credited, as of December 3, 2020, with 2,140 days of actual days served, 124 days of local conduct credits, and 2,264 days of total credit. The modification is made without prejudice to any credits the CDCR has awarded or may award to Collins. The judgment is affirmed as modified.

The court is directed to file a minute order reflecting our modification of the judgment and file an amended abstract of judgment setting forth the modified credits and to forward a copy of the amended abstract of judgment to the California Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

BENDIX, J.

CRANDALL, J.*

---

* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11