Filed 7/18/14; pub. order 8/12/14 (see end of opn,)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re A.R. et al., Persons Coming Under the Juvenile Court Law. | B251957 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALICIA R.,<br><br>    Defendant and Appellant. | (Los Angeles County Super. Ct. No. CK95852) |

APPEAL from an order of the Superior Court of Los Angeles County. Annabelle G. Cortez, Judge.  Affirmed.

Frank H. Free, under appointment by the Court of Appeal, for Appellant.

John F. Krattli, County Counsel, and Sarah Vesecky, Deputy County Counsel, for Respondent.

_____

Mother A.R. appeals from the juvenile court order that declared her two daughters dependents of the court based on mother's failure to provide for the children. We reject mother's contention that there was insufficient evidence to support that order and therefore affirm.

## FACTS AND PROCEDURAL HISTORY

In September 2012 Ontario police pulled over a car driven by father J.R., who was under the influence of both methamphetamine and alcohol. In addition to drugs and open alcohol containers, the police found J.R.'s daughters – seven-year-old A.R. and five-year-old C.R. – in the car. The two girls were not wearing seat belts. In October 2012 the Los Angeles County Department of Children and Family Services (DCFS) filed a petition with the juvenile court alleging that the minors were dependents of the court because father had the children with him when he drove while intoxicated and because father's substance abuse prevented him from providing the girls with proper care. (Welf. & Inst. Code, § 300, subd. (b).)[1]

The petition alleged that the whereabouts of mother A.R. were unknown[2] and a DCFS report noted that mother had been absent for more than two years. Mother was located soon after in Reno, Nevada, where she was living with another man and expecting another child. DCFS filed a first amended petition alleging that the minors were at risk due to domestic violence in the home, mother's history of drug use and mental illness, and mother's failure to provide for the children.

After the minors each accused father of sexual abuse, a second amended petition was filed based on those claims. The mental illness and domestic violence allegations were eliminated, and the case went to hearing as to mother solely on allegations related to her drug use and failure to provide for the children.

[1]     All further section references are to the Welfare and Institutions Code.

[2]     In order to avoid confusion, we will refer to mother A.R. as mother and to daughter A.R. by her initials.

Mother admitted to a long history of drug abuse, including methamphetamine, cocaine, marijuana, LSD, and opiates. She and father got high together, but entered sobriety programs and stayed clean for a few years before relapsing. Mother claimed that father beat her often and she used make-up to conceal the resulting cuts and bruises. The beatings got worse and on one occasion father struck mother while she was holding C.R., causing mother to drop the child. Father then began to kick mother and stomp her head. She called the police but recanted when father accused her of beating him and the police said they would take the children from both parents. Father stalked mother and threatened to kill her, and mother said he "scares the hell out of me."

Mother took the girls and left father in December 2009, but when he kept asking to see the girls she agreed to drop them off for a visit at the home of father's cousin. When father kept the girls, mother called the police, who told her there was nothing they could do absent a custody order that prohibited father from keeping the girls. Soon after, father agreed to let mother see the girls if she paid him $150 per week. She did so briefly but stopped because she could not afford it. The "girls were not being fed," mother said, so she took them out to eat and buy them clothes. In April 2010, however, father took off with the girls and mother was unable to find him.

Mother said she did not ask the family law court to grant her custody of the children because she did not know about that court. She admitted that she waited two weeks before calling the police and that she provided nothing for the girls' support after father took off with them. She also admitted that she knew father had a significant substance abuse history and left the minors in his care.

Mother admitted she was bipolar and had stopped taking her medication because she was pregnant. She was willing to undergo a psychiatric evaluation and promised to cooperate with mental health services. Mother also claimed she was now sober, was participating in substance abuse counseling and consistently tested clean for drug use. She and her fiancé both worked and she also planned to file for divorce from father.

The minors were in foster care, where they were happy and doing well. Both children were angry at mother for abandoning them with father and refused to see her.

3

Because the minors exhibited anger and anxiety and feared returning to their parents, mental health treatment was required before conjoint therapy with mother could be considered.

The trial court sustained the sex abuse and drug-related allegations against father. It dismissed the drug use allegation against mother because she was now sober, but sustained the allegation that she failed to provide for the minors. The court found that mother left the minors with father despite her knowledge of father's drug use and then made minimal efforts to regain custody. The trial court noted that this was not a case where the "girls [were] being appropriately cared for by the father, no issues with respect to drugs or alcohol." At a later dispositional hearing the court removed the minors from the parents' custody, denied reunification services to father, approved monitored visitation for mother, and ordered conjoint counseling between mother and the minors.

**DISCUSSION**

1.    *Mother's Contentions*

Under section 300, subdivision (b), the juvenile court may assume jurisdiction when a child "has suffered, or there is a substantial risk that the child will suffer, serious physical harm or illness, as a result of the failure or inability of his or her parent or guardian to adequately supervise or protect the child, or the willful or negligent failure of the child's parent or guardian to adequately supervise or protect the child from the conduct of the custodian with whom the child has been left, or by the willful or negligent failure of the parent or guardian to provide the child with adequate food, clothing, shelter, or medical treatment . . . ."

The petition alleged that mother had "failed to provide the children with the basic necessities of life, including but not limited to food, shelter, clothing, and medical care, thereby endangering the children's physical and emotional health and safety and places the children at risk of physical and/or emotional harm." Mother contends there was no evidence that father failed to provide the children with adequate food, shelter, clothing, or

4

medical care. As a result, she contends there was insufficient evidence that her abandonment of the children either caused them to suffer such harm or posed a risk that such harm would occur in the future. Instead, any harm they suffered was due solely to father's conduct in driving with them while intoxicated and through his acts of sexual abuse.

2. *Because Jurisdiction Was Proper Based on Father's Conduct We Need Not Consider Whether It Was Also Proper Based on Mother's Conduct*

Because the juvenile court assumes jurisdiction of the child, not the parents, jurisdiction may exist based on the conduct of one parent only. As a result, we need not consider jurisdictional findings based on the other parent's conduct. (*In re I.A.* (2011) 201 Cal.App.4th 1484, 1491.) However, we may exercise our discretion to reach the merits of the other parent's jurisdictional challenge in three situations: (1) the jurisdictional finding serves as the basis for dispositional orders that are also challenged on appeal; (2) the findings could be prejudicial to the appellant or could impact the current or any future dependency proceedings; and (3) the finding could have consequences for the appellant beyond jurisdiction. (*In re Drake M.* (2012) 211 Cal.App.4th 754, 762-763.)

Respondent contends that the general rule applies and that we should therefore affirm based on the uncontested jurisdictional findings made against father. Mother's opening appellate brief did not anticipate this issue and she did not file a reply brief to challenge application of the general rule in this case. Mother does not challenge the dispositional orders in this case and her failure to address the issue means that she has not suggested any legal or practical consequences that might flow from this finding either within or outside the dependency proceedings. (*In re. Drake M., supra,* 211 Cal.App.4th at p. 763.) We therefore affirm the jurisdictional order.

5

3.    *We Alternatively Conclude That the Jurisdictional Order Is Supported By Substantial Evidence*[3]

    A.    <u>Mother Waived the Issue Whether Substantial Evidence Supports Jurisdiction Based on Her Failure to Provide</u>

As noted above, jurisdiction is proper under section 300, subdivision (b) when a parent's failure to provide their child with adequate food, clothing, shelter, or medical treatment causes or presents a substantial risk of serious physical harm. DCFS was therefore required to show: (1) the requisite neglect by mother; (2) causation; and (3) serious physical harm or a substantial risk of such harm. (*In re J.O.* (2009) 178 Cal.App.4th 139, 152 (*J.O.*).) The third element includes a showing that the requisite risk of harm still exists at the time of the jurisdictional hearing. (*Ibid.*)

The court in *J.O., supra,* 178 Cal.App.4th 139, assumed jurisdiction over three teen-aged children after finding that: (1) their mother had used excessive disciplinary force and had used a pin and a knife to scrape off marks from one child's skin that she believed were tattoos; and (2) mother's boyfriend had sexually abused the same child. Jurisdiction was also assumed because the presumed father had been absent and had failed to provide for the minors' needs under section 300, subdivision (b). The *J.O.* court reversed the jurisdictional finding against the father because there was no "causal nexus" between his failure to provide for the minors' needs and the physical harm inflicted by mother and her boyfriend. That conduct, the court held, was not caused by father's abandonment or failure to provide support. (*J.O.,* at p. 152.)

Relying on *J.O.,* mother contends that her admitted failure to provide for the minors' needs during her absence did not cause their primary harm: father's acts of sexual abuse and the risk he created by driving with the girls in his car while under the influence of drugs and alcohol. We review the dependency court's jurisdictional findings under the substantial evidence standard of review. As a result, we must review the entire record and, after resolving all conflicts in favor of respondent and drawing all reasonable

---

[3] Our holding regarding the substantial evidence issue is a separate and independent alternative basis for affirming the jurisdictional order.

inferences in support of the judgment, determine whether the findings are supported by substantial evidence. (*In re Veronica G.* (2007) 157 Cal.App.4th 179, 185.)

Unlike *J.O.,* there is evidence in this case that the minors did not receive required medical care and were not always provided food and clothing. Mother testified that father was not feeding the girls and that she began buying food and clothing for them after she stopped paying father to let her see them. She also fails to mention DCFS reports that both girls had cavities and that C.R. needed extensive dental work, including oral sedation for a tooth fracture, 11 pulpotomies with steel crowns, and three fillings. This evidence could support a finding that father failed to provide food, clothing, and medical care that caused or posed a substantial risk of serious physical harm to the girls, and that mother's failure to provide was a contributing factor.

Mother failed to set forth and discuss this evidence. She was not free to ignore facts that support the judgment and her sufficiency of the evidence challenge is therefore waived. (*Gombiner v. Swartz* (2008) 167 Cal.App.4th 1365, 1374.)

B.     There Was Sufficient Evidence Regarding Mother's Failure to Protect the Minors From Father's Conduct

Jurisdiction is also proper under section 300, subdivision (b) when a parent fails to supervise or protect their children from the conduct of the custodian with whom the children were left. Pointing to the trial court's finding that this was not a case where the children were left with someone who cared for them appropriately and that mother left the girls with father despite her knowledge of his drug problems, respondent contends that jurisdiction was proper on this basis.

We agree that there was ample evidence to support such a finding. Mother admitted that she knew about father's long-standing history of substance abuse. Because father frequently beat her, she clearly knew that he was violent and physically abusive. During one incident, father knocked mother to the ground while she was holding C.R., causing the girl to fall as well. He stalked and threatened mother and she was by her own admission scared to death of him. In one DCFS report she admitted that she "knew

7

something like this would happen." Despite this, she gave up trying to see the girls after one unsuccessful request for help from the police and moved out of state, where she started a new family with another man.

We recognize that mother was justifiably in fear of father, but that should have motivated her to take more steps to regain custody of her children. She never fully acknowledged that her efforts to regain custody of the children were half-hearted at best. We also recognize that mother was coming to terms with her mental health and substance abuse problems. Even so, her ultimate success remained for future determination. These factors supported a finding that mother still might not be able to adequately protect the minors.[4]

Unanswered is whether such findings were proper given the allegation made against mother – that she failed to provide food, shelter, clothing, and medical treatment to the minors. Mother did not file a reply brief to challenge the Department's assertion, so we treat the issue as waived.

We alternatively hold that such a finding was proper. Although mother frames the issue as one of substantial evidence, the evidentiary gaps she identifies are actually present in the pleadings, which, as framed, do not allege that mother's failure to provide caused the minors physical harm or posed a risk of such harm. In short, she is actually attacking the sufficiency of the pleadings, which could have been done by way of a motion akin to a demurrer. (*In re Jessica C.* (2001) 93 Cal.App.4th 1027, 1036 (*Jessica C.*); *In re Nicholas B.* (2001) 88 Cal.App.4th 1126, 1136.)

The *Jessica C.* court considered an appeal by the father in a dependency case, against whom jurisdiction was asserted under section 300, subdivision (d) for sexual abuse. Father contended the petition was insufficient because it alleged that his daughter reported sexual abuse, not that such abuse occurred. The Court of Appeal rejected that argument, pointing to the fact that dependency pleadings are drafted by social workers, not lawyers. If a petition does not provide proper notice of the factual allegations

---

[4] Not to mention the fact that the children were angry at mother and did not want to see her at all.

supporting jurisdiction, the parents may demur.  If they do not, and instead proceed to litigate the case on its merits, any pleading deficiencies are waived.  (*Jessica C., supra,* 93 Cal.App.4th at pp. 1036-1038.)  The Court of Appeal affirmed because there was sufficient evidence that father sexually abused his daughter.  (*Id.* at p. 1038.)

Mother was on notice of the failure-to-protect issue by way of a DCFS report, which stated that she failed to take sufficient steps to regain custody of the minors, thereby allowing father to create a "detrimental and dangerous living environment" leading to neglect and sexual abuse by the father.  She did not object when being questioned by DCFS about her knowledge of father's drug abuse, a topic that appears irrelevant to her alleged failure to provide food, clothing, and other necessities.  Nor did she object when counsel for DCFS argued that jurisdiction was proper because she left the children with father despite her knowledge of his violent behavior and drug abuse.[5]

In short, mother did not challenge the sufficiency of the pleadings, was on notice that failure to protect was an issue, and did not properly object or did so far too late to preserve the issue.  We therefore deem waived any objections to the juvenile court basing its jurisdictional finding on the failure-to-protect component of section 300, subdivision (b).  (*In re Javier G.* (2006) 137 Cal.App.4th 453, 458-459; *In re Athena P.* (2002) 103 Cal.App.4th 617, 627-628; *Jessica C., supra,* 93 Cal.App.4th at p. 1037.)

---

[5]    Mother did object later when the DCFS lawyer extended that argument to father's acts of sexual abuse, contending that the argument was irrelevant to the allegations against mother.  The trial court overruled that objection, stating that it had heard "the evidence and the court will make its own assessment in terms of the evidence."  We believe this objection came too late.  Even so, it did not extend to the risks posed by father's substance abuse, as to which no objection was raised.

Mother's counsel also argued that it was "outrageous" for DCFS to argue failure to protect when it had not been alleged.  This was not an objection or request for relief based on the state of the allegations and, in any event, it also came too late.

9

## DISPOSITION

The juvenile court's jurisdictional order is affirmed.

RUBIN, ACTING P. J.

WE CONCUR:

FLIER, J.

GRIMES, J.

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT


| | |
|---|---|
| In re A.R. et al., Persons Coming Under the Juvenile Court Law. | B251957 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. CK95852) |
| Plaintiff and Respondent, | |
| v. | |
| ALICIA R., | |
| Defendant and Appellant. | |


THE COURT:


IT IS HEREBY ORDERED that the opinion filed in the above matter on July 18, 2014, is certified for publication with no change in judgment.


_____

RUBIN, ACTING P. J.          FLIER, J.          GRIMES, J.