Filed 12/7/15  In re J.G. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| In re J.G., a Person Coming Under the Juvenile Court Law. | B263165 (Los Angeles County Super. Ct. No. CK57125) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. M.F., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Tony L. Richardson, Judge.  Affirmed.

Julie E. Braden, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary C. Wickham, County Counsel, Dawyn R. Harrison, Assitant County Counsel, and Kimberly Roura, Deputy County Counsel, for Plaintiff and Respondent.

\* \* \* \* \* \*

Father M.F. appeals from the juvenile court's jurisdictional order assuming jurisdiction over his eight-year-old stepdaughter J.G. Because jurisdiction was appropriate based on mother's conduct, we decline to consider the jurisdictional findings as to father. Those findings did not prejudice father at disposition; the juvenile court has terminated jurisdiction; and father showed no potential future consequences stemming from the jurisdictional findings against him.

## FACTS AND PROCEDURE

On September 9, 2014, the Los Angeles County Department of Children and Family Services (DCFS) filed a juvenile dependency petition. Mother's adult son was a former dependent of the juvenile court because of mother's substance abuse. Mother's current male companion, M.F., was found to be J.G.'s presumed father and we refer to him as father. Mother and J.G. lived in father's home.

The petition as subsequently sustained alleged mother "has a ten year history of substance abuse and is a current abuser of alcohol which renders the mother incapable of providing regular care of the child. On 07/09/2014 [and] prior occasions in 2014 and 2013, the mother was under the influence of alcohol while the child was in the mother's care and supervision. The child's adult sibling . . . is a former dependent of the Juvenile Court due to the mother's substance abuse. Prior Juvenile Court intervention has failed to resolve the family problems in that the mother continues to abuse alcohol. The mother's substance abuse endangers the child's physical health and safety and places the child at risk of physical and emotional harm and damage."

The petition further alleged mother "and the mother's male companion, [father,] have a history of engaging in domestic violence. On prior occasions, the mother's male companion pushed the mother in the child's presence. On prior occasions, the mother and the mother's male companion spit on one another. On numerous prior occasions, the mother's male companion used demeaning and derogatory language when referring to the mother in the child's presence. The mother . . . failed to protect the child in that the mother allowed the male companion to have unlimited access to the child. The child's adult sibling . . . is a former dependent of the Juvenile Court due

2

to the mother's domestic violence [with someone other than father]. Prior Juvenile Court intervention has failed to resolve the family problems in that the mother continues to engage in domestic violence and expose the child to violent conduct. Such violent conduct on the part of the mother's male companion against the mother and the mother's failure to protect the child endangers the child's physical health and safety and places the child at risk of physical harm, damage, danger and failure to protect."

DCFS conducted interviews for purposes of J.G.'s detention. The social worker reported that on July 10, 2014, J.G. was late for school because mother had been drinking alcohol. Mother admitted drinking six beers the previous night. Mother admitted a prior arrest for driving under the influence, but did not remember the date of the arrest.

Father reported that mother was drunk approximately three times a week. According to father, mother became aggressive when she drank alcohol. Father reported that mother spit on his face and frequently yelled at him. According to him, mother hit her car's windshield with a bat and shattered the window. Father reported that J.G. may have heard her parents argue but they generally do not argue in front of her. Father had called the police to report mother's drinking. Father believed that J.G. was "coached" and would not report mother's negative conduct.

J.G. told the social worker that mother took good care of her. She said that father, not mother, broke the car's windshield. J.G. reported that mother and father routinely argue. J.G. observed father kick and push mother. J.G. observed father spit on mother. J.G. reported that father referred to mother as "pig [and] whore" and used other profanity when he spoke to her.

In DCFS's October 2014 jurisdictional report, the social worker indicated that mother had been convicted of assault in 2014. Mother reported that most of her arguments with father concerned her drinking habits. Mother said that they generally did not argue in J.G.'s presence. Mother reported that she had stopped drinking and was attending Alcoholics Anonymous meetings.

3

Father reported that mother was drinking frequently and would often become intoxicated. Father reported that he was physically incapable of spitting on mother because he does not produce sufficient saliva. Father denied slapping or kicking mother. Father acknowledged that J.G. sometimes witnessed his arguments with mother and (like mother) explained that most of those arguments concerned mother's drinking habits.

J.G. was subsequently interviewed and reported that mother and father no longer would fight. She initially denied that father referred to mother with derogatory names, but later admitted that he did.

In January 2015, DCFS reported that mother enrolled in a substance abuse program. Mother also tested negative for alcohol six times, although her test results were diluted twice. Additionally, mother completed a parenting class. Father enrolled in a parenting education program and a 52-week domestic violence program.

Following a hearing in which J.G. was the only witness, the juvenile court sustained the petition as quoted above and found J.G. a dependent of the court. With respect to disposition, the juvenile court concluded that mother and father could retain custody of J.G. It concluded that the parents' issues were "not putting this child in such a state of harm that she can't be returned home with sufficient measures in place." This appeal followed. While the appeal was pending, the juvenile court terminated jurisdiction. Its order terminating jurisdiction noted that J.G. had been released to her parents' care.

## DISCUSSION

Father argues that no substantial evidence supported the finding that he and mother engaged in domestic violence subjecting J.G. to the risk of harm. Among other things, respondent argues that this court should not consider father's challenge because jurisdiction was proper based on mother's substance abuse, which rendered her incapable of caring for J.G. We agree with respondent and decline to consider father's argument, which, even if meritorious, would not result in the reversal of the juvenile court's jurisdictional order.

4

We recently explained the relevant principles: "Because the juvenile court assumes jurisdiction of the child, not the parents, jurisdiction may exist based on the conduct of one parent only. In those situations an appellate court need not consider jurisdictional findings based on the other parent's conduct. [Citation.] Nevertheless, we may exercise our discretion to reach the merits of the other parent's jurisdictional challenge in three situations: (1) the jurisdictional finding serves as the basis for dispositional orders that are also challenged on appeal; (2) the findings could be prejudicial to the appellant or could impact the current or any future dependency proceedings; and (3) the finding could have consequences for the appellant beyond jurisdiction." (*In re J.C.* (2014) 233 Cal.App.4th 1, 3-4, italics omitted.)

Here, it is undisputed that jurisdiction existed based on mother's substance abuse. Any decision this court might render on the allegations with respect to father would not result in the reversal of the juvenile court's jurisdictional order, the only order challenged on appeal. (*In re I.A.* (2011) 201 Cal.App.4th 1484, 1492.)

The circumstances of this case do not warrant reaching the merits of father's appeal. First, the jurisdictional finding did not serve as the basis for any challenged dispositional order. J.G. was immediately released to mother and father's custody and continues to reside with them now that jurisdiction has been terminated. The findings did not prejudice father as the juvenile court ordered J.G. released to his care and terminated jurisdiction. Father demonstrated no potential adverse consequence beyond jurisdiction. Stated otherwise, father "has not suggested any legal or practical consequences that might flow from this finding either within or outside the dependency proceedings." (*In re J.C., supra*, 233 Cal.App.4th at p. 4; see *In re A.R.* (2014) 228 Cal.App.4th 1146, 1150 [when jurisdiction is proper as to one parent, appellate court need not consider whether it is proper as to the other parent].) Because we find no threatened prejudice to father, and he identifies none, we decline to

5

exercise our discretion to review the jurisdictional findings against him.[1] (*In re I.A.,
supra*, 201 Cal.App.4th at p. 1495.)

## DISPOSITION

The juvenile court's jurisdictional order is affirmed.


                                                                    FLIER, J.

WE CONCUR:


        BIGELOW, P. J.


        RUBIN, J.

---

[1]     Respondent's motion to dismiss the appeal is denied.