Filed 8/26/22 P. v. Samra CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Plumas)

----

| | |
|---|---|
| THE PEOPLE, | C094211 |
| Plaintiff and Respondent, | (Super. Ct. No. 3049) |
| v. | |
| STEVEN KEZMA SAMRA, | |
| Defendant and Appellant. | |

In 1997, defendant Steven Kezma Samra was convicted of using a minor to sell marijuana. In March 2021, the trial court ruled defendant was ineligible for redesignation of that felony offense as a misdemeanor. On appeal, defendant contends the trial court erred. We affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

We take our summary of many of the relevant facts from this court's 2018 opinion in defendant's prior appeal. (*People v. Samra* (Mar. 22, 2018, C084122 & C084726) [nonpub. opn.] (*Samra*).)

In 1997, and pursuant to a written plea agreement, defendant pleaded guilty to cultivation of marijuana (Health & Saf. Code, § 11358)[1] and using a minor to sell marijuana (§ 11361, subd. (a)). The trial court sentenced defendant to 16 months in state prison on the cultivation of marijuana conviction. The court sentenced defendant to the lower term of three years on the using a minor to sell marijuana conviction but stayed execution of sentence pending defendant's successful completion of the 16-month prison term.

In November 2016, voters passed the Control, Regulate and Tax Adult Use of Marijuana Act (Proposition 64). One aspect of Proposition 64 is it permits those convicted of marijuana-related felonies to apply to have their convictions redesignated as misdemeanors. (*People v. Laird* (2018) 27 Cal.App.5th 458, 463.)

After passage of Proposition 64, "[d]efendant filed two separate motions seeking redesignation and dismissal of his 1997 felony convictions." (*Samra, supra*, C084122 & C084726 [at p. 3].) "The trial court denied defendant's motion [regarding the use of a minor to sell marijuana conviction], finding that defendant was convicted of an offense . . . that was not eligible for the relief requested by defendant." (*Ibid.*)

Affirming the trial court's ruling, a panel of this court explained: Section 11361, subdivision (a) "was not amended by the enactment of Proposition 64. . . . Although Proposition 64 amended [other] provisions of the Health and Safety Code, defendant was not convicted of violating [those amended provisions]. Rather, he was convicted of

---

[1]    Undesignated statutory references are to the Health and Safety Code.

2

violating section 11361, subdivision (a)—using a minor to sell marijuana. Accordingly, because using a minor to sell marijuana is not one of the offenses reduced to a misdemeanor under Proposition 64, the trial court properly denied defendant's request to have his conviction redesignated as a misdemeanor." (*Samra, supra*, C084122 & C084726 [at p. 11].)

On January 1, 2019, section 11361.9 took effect and provides in relevant part: "(a) On or before July 1, 2019, the Department of Justice [DOJ] shall review the records in the state summary criminal history information database and shall identify past convictions that are potentially eligible for recall or dismissal of sentence, dismissal and sealing, or redesignation . . . . The [DOJ] shall notify the prosecution of all cases in their jurisdiction that are eligible for recall or dismissal of sentence, dismissal and sealing, or redesignation. [¶] (b) The prosecution shall have until July 1, 2020, to review all cases and determine whether to challenge the recall or dismissal of sentence, dismissal and sealing, or redesignation."

In June 2020, the Plumas County District Attorney's Office filed a pleading entitled "People's Response Re Proposition 64 Marijuana Conviction Review (HS §11361.9)," arguing that defendant was ineligible for any relief regarding his conviction for using a minor to sell marijuana. In a July 2020 responsive pleading, defendant argued he *was* eligible for relief, because (a) section 11361.8, subdivision (e) "allow[ed] '[a] person . . . who would have been guilty of a *lesser* offense' under" Proposition 64 "to also seek redesignation relief," and (b) regarding defendant's conduct that resulted in his conviction for using a minor to sell marijuana, "new statutes provide for lesser punishment . . . and classify the offenses covering [defendant's] conduct as a *wobbler*."

In a March 2021 order, the trial court denied defendant's request for relief, ruling defendant's conviction for using a minor to sell marijuana is "an offense that is not eligible for the requested relief."

Defendant timely appealed.

3

## DISCUSSION

Defendant argues that—as "[t]he penalties for" conduct that amounts to a violation of using a minor to sell marijuana (§ 11361, subd. (a)) "have now been drastically reduced"—the trial court erred in denying him relief, because section 11361.8, subdivision (e) contemplates relief for someone " 'who would have been guilty of a lesser offense . . . had' " Proposition 64 been in effect at the time of the offense.

The People argue defendant is not entitled to relief because (a) "it is not enough to show that a defendant might have been prosecuted under a different provision of the law" that contemplates a lesser punishment, and (b) in any event, defendant's "argument critically depends on language—'or who would have been guilty of a lesser offense'— that the Legislature . . . removed from section 11361.8, subdivision (e)," effective January 1, 2022. Defendant did not file a reply brief.

Signed by the Governor in September 2021, and effective January 1, 2022, Senate Bill No. 827 (2021-2022 Reg. Sess.) revised section 11361.8, subdivision (e) so the statute *now* reads, in relevant part: "A person who has completed their sentence whether by trial or open or negotiated plea, *who would not have been guilty of the conviction offense* under [Proposition 64] had that act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in their case to have the conviction dismissed and sealed because the prior conviction is now legally invalid or redesignated as a misdemeanor or infraction." (Stats. 2021, ch. 434, § 2, italics added.)

In the trial court, and in his opening brief, defendant invoked the *prior* version of section 11361.8, subdivision (e), which contemplated relief for "[a] person who has completed his or her sentence for a conviction under [s]ections 11357, 11358, 11359, and 11360 . . . who would not have been guilty of an offense *or who would have been guilty of a lesser offense*" under Proposition 64. (§ 11361.8, former subd. (e), italics added.)

4

The Legislative Counsel's Digest of Senate Bill No. 827 explained that revisions to section 11361.8, subdivision (e) "would clarify" that certain Proposition 64 relief "applies to any person who would not have been found guilty of their convicted offense had the act been in effect at the time of conviction." (Legis. Counsel's Dig., Sen. Bill No. 827 (2021-2022 Reg. Sess.).)

" 'The Legislative Counsel's Digest is printed as a preface to every bill considered by the Legislature.' [Citation.] The Legislative Counsel's summaries 'are prepared to assist the Legislature in its consideration of pending legislation.' [Citation.] Although the Legislative Counsel's summaries are not binding [citation], they are entitled to great weight." (*Jones v. Lodge at Torrey Pines Partnership* (2008) 42 Cal.4th 1158, 1169-1170.) Accordingly, " '[i]t is reasonable to presume that the Legislature' " acted " 'with the intent and meaning expressed in the Legislative Counsel's digest.' " (*Ibid.*)

"[T]he application of a statute to events predating its enactment, while it might seem 'retroactive' in the common use of the term, does not constitute a retroactive application under the law unless it changes the legal consequences of those events." (*In re J.C.* (2016) 246 Cal.App.4th 1462, 1476.) " '[A] statute that merely *clarifies*, rather than changes, existing law does not operate retrospectively even if applied to transactions predating its enactment.' " (*Id.* at p. 1477.) "[I]f legislation clarifies the law rather than changes it, the clarification applies to circumstances predating the time of the legislative enactment, regardless of whether the Legislature affirmatively expressed its intent regarding clarification." (*Id.* at pp. 1481-1482.)

As indicated above, before the trial court, and in his brief here on appeal, defendant invoked section 11361.8, former subdivision (e)'s language contemplating relief for a person "who would have been guilty of a lesser offense" under Proposition 64. But before defendant filed his opening brief on appeal, Senate Bill No. 827 became effective, and the language he has (and had) invoked no longer appears in section 11361.8, subdivision (e). The language now states "[a] person who has completed their

5

sentence whether by trial or open or negotiated plea, *who would not have been guilty of the conviction offense under the Control, Regulate and Tax Adult Use of Marijuana Act had that act been in effect at the time of the offense*, . . . ." (§ 11361.8, subd. (e), italics added.) Focusing on the statute's prior language, defendant has failed to demonstrate (or even address) that he would not have been convicted of using a minor to sell cannabis had Proposition 64 been in effect at the time of the offense.

Accordingly, because (a) " '[i]t is reasonable to presume that the Legislature' " acted " 'with the intent and meaning expressed in the Legislative Counsel's digest' " (*Jones v. Lodge at Torrey Pines Partnership, supra*, 42 Cal.4th at p. 1170), (b) the Legislature can clarify the terms of a proposition (*In re J.C., supra*, 246 Cal.App.4th at p. 1482), (c) clarification of a law "applies to circumstances predating the time of the legislative enactment" (*id* at pp. 1481-1482), and (d) defendant has not presented any argument on the issue (see *Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52 [appellate courts "are not required to . . . supply arguments for the litigants"]; *In re A.R.* (2014) 228 Cal.App.4th 1146, 1153 [appellant "did not file a reply brief to challenge [respondent's] assertion, so we treat the issue as waived"]), we conclude Senate Bill No. 827 was a clarification of Proposition 64 that applies to the instant matter, and vitiates defendant's claim for Proposition 64 relief.

## DISPOSITION

The judgment (order) is affirmed.

                                                  /s/
                                         EARL, J.

We concur:

    /s/
HULL, Acting P. J.

    /s/
RENNER, J.