Filed 11/28/23

**CERTIFIED FOR PARTIAL PUBLICATION[*]**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM EVERS,<br><br>        Defendant and Appellant. | A164989<br><br><br>(Mendocino County Super.<br>Ct. No. 12-CR-01240) |

William Evers pled guilty to assault on a police officer with a firearm after being arrested in connection with a string of residential burglaries.  At sentencing, the trial court ordered Evers to pay restitution to two victims and assessed a 15 percent administrative fee on the restitution amounts.  The court also imposed a $10,000 restitution fine and imposed but suspended a $10,000 parole restitution fine.  The court declined Evers' request to reduce the two restitution fines by applying a statutory formula and concluded that, under the circumstances, the maximum fines were warranted.

Evers now argues—and the Attorney General agrees—that the 15 percent administrative fee was invalid because the statute pursuant to which it was imposed was repealed before the date of his sentencing.  Evers also argues that the restitution fines were unconstitutional under *People v. Dueñas* (2019) 30 Cal.App.5th 1157 and similar cases requiring sentencing

---

[*] Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part II, subpart B.

courts to take into account a defendant's ability to pay, and that he properly raised his constitutional challenge to the fines by submitting two informal post-judgment motions to the trial court under Penal Code section 1237.2.[1] The Attorney General responds that Evers forfeited his *Dueñas* challenge by failing to make any argument or objection on that basis at the sentencing hearing, and that a motion under section 1237.2 does not cure the forfeiture.

We reverse the trial court's orders insofar as they require Evers to pay the 15 percent administrative fee, but otherwise affirm, finding that Evers' motions under section 1237.2 did not excuse his forfeiture.

## BACKGROUND

After being released from prison in 2018, Evers worked briefly in 2020, but otherwise was unemployed. In 2021, he was living in the forest in Mendocino County and obtaining food, alcohol, firearms, and other items from occupied and unoccupied residences.

In May 2021, two officers responded to a report that Evers had broken into a residence. Upon encountering Evers, one officer chased him on foot. Evers shot at or near the officer and escaped. He was later apprehended and charged by criminal complaint with attempted murder of a peace officer, grand theft of a firearm, two counts of vandalism, and 15 counts of burglary, along with special circumstances allegations.

Pursuant to a plea agreement, the court added a count to the complaint for assault on a peace officer with a firearm, and dismissed the remaining counts. As a factual basis for his plea, Evers admitted that he "assaulted Mendocino County Sheriff's Deputy Thomas Kelly with a firearm knowing Deputy Kelly was a peace officer engaged in the lawful performance of his

---

[1] Undesignated statutory references are to the Penal Code.

2

duties." Evers pled guilty to the single count and two prior strikes, and agreed to a sentence of 25 years to life in prison.

At the outset of the March 24, 2022 sentencing hearing, Evers' attorney asked "to be heard on the restitution fine." The court first ordered Evers to pay direct restitution of $1,450 and $839.99 to two victims, with 10 percent annual interest, and a 15 percent administrative fee. It permanently stayed $30.00 and $40.00 court assessments, and otherwise accepted the plea.

The court then explained that "typically [it] reduces the restitution fine," but, in Evers' case, "[i]n light of the amount of actual restitution ordered . . . , which is approximately $2,500, I am not going to reduce the restitution fines . . . under [section] 1202.4(b). So the Court will order the $10,000 [restitution fine]." The court also ordered but suspended a $10,000 parole restitution fine under section 1202.45. (See § 1202.45, subd. (a) [parole restitution fine shall be imposed in same amount as restitution fine].) Evers' attorney argued that the fines should be reduced to $6,000 according to a statutory formula. Under section 1202.4, subdivision (b), the court responded, it was required to impose a restitution fine, absent a finding under subdivision (c) of "compelling and extraordinary reasons." The court stated it could not "make those findings," but noted other factors it could consider to increase the fine above the $300 statutory minimum, including Evers' ability to pay. It stated that Evers "will be at least able to earn wages while incarcerated," and noted he would be incarcerated for 25 years to life, so inability to pay was not "a reason not to impose [the restitution] fine or to reduce that fine." The court explained that the seriousness of the offense, the circumstances of its commission, the economic gain to Evers, the extent of loss to others, and the number of victims supported the maximum fine.

Evers' attorney then asked the court to use the formula in section 1202.4, subdivision (b)(2) to reduce the restitution fine to $7,500.  The court rejected that proposal for the reasons it had already stated.  It confirmed final details of the sentence and entered judgment.

In November and December 2022, Evers' appellate counsel sent two informal letter motions to the trial court, asking the court to (1) strike the 15 percent administrative fee applied to the two direct victim restitution orders; and (2) reduce the restitution fines to the statutory minimum of $300 and stay enforcement until there is a showing of ability to pay.  Among other things, counsel argued that the many practical limitations on work in prison and the amount of victim restitution ordered meant that Evers may never have the ability to make any payments against the restitution fines.  Counsel cited section 1237.2 as requiring the filing of the informal motions in the trial court prior to appeal.  The trial court did not act on the motions.

## DISCUSSION

On appeal, Evers continues to challenge the fees and fines imposed at sentencing.  First, he argues that the 15 percent administrative fee is not statutorily authorized.  Second, he argues that the court's imposition of the two $10,000 restitution fines violated his constitutional rights to be free of excessive fines and to due process and equal protection, at least without consideration of his ability to pay them.  We address the issues in turn.

### I.

Evers first argues that the 15 percent administrative fee applied to the victim restitution orders was invalid because the statutory subdivision pursuant to which it was imposed had been repealed at the time of his sentencing.  Section 1203.1, subdivision (l) was indeed repealed as of January 1, 2022, more than two months before Evers was sentenced.

4

(Stats. 2021, ch. 257, § 22; see *People v. Prudholme* (2023) 14 Cal.5th 961, 966, fn. 8.) The Attorney General concedes that we should reverse the 15 percent administrative fee. We agree.

## II.A.

The Attorney General argues that Evers has forfeited his constitutional challenges to the restitution fines by failing to raise the issue at his sentencing hearing, which occurred more than three years after *Dueñas* was decided. Evers concedes that his trial counsel did not make constitutional arguments at the sentencing hearing, did not argue that Evers lacked the ability to pay the fines, and did not request a hearing concerning his ability to pay.

"[A] sentencing court may not impose . . . restitution fines without giving the defendant, *on request*, an opportunity to present evidence and argument why such monetary exactions exceed his ability to pay." (*People v. Cowan* (2020) 47 Cal.App.5th 32, 48, review granted June 17, 2020, S261952, italics added.) Once caselaw exists holding that a hearing on ability to pay is constitutionally required when requested, a defendant who does not object or ask for a hearing forfeits the claim of error. (*People v. Greeley* (2021) 70 Cal.App.5th 609, 624; cf. *People v. Son* (2020) 49 Cal.App.5th 565, 597 [no forfeiture by failure to object before *Dueñas* was decided]; *People v. Leon* (2020) 8 Cal.5th 831, 854 [no forfeiture where trial court imposed $10,000 restitution fine without mentioning it at the sentencing hearing, depriving defendant of any opportunity to object].) Moreover, to preserve an issue for appeal, an objection must be timely. (See, e.g., *Keener v. Jeld-Wen, Inc.* (2009) 46 Cal.4th 247, 264; *SCI California Funeral Services, Inc. v. Five Bridges Foundation* (2012) 203 Cal.App.4th 549, 564; *Yield Dynamics, Inc. v.*

*TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 584; *In re A.R.* (2014) 228 Cal.App.4th 1146, 1154 & fn. 5.)

Evers argues that the two informal motions his appellate counsel submitted directly to the trial court pursuant to section 1237.2 negate any forfeiture because they gave the trial court an opportunity to correct the alleged error. In relevant part, section 1237.2 provides that "[a]n appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition . . . of fines . . . unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court . . . ."

Section 1237.2 creates an alternative pathway to correct certain sentencing errors without resorting to appeal. (*People v. Clark* (2021) 67 Cal.App.5th 248, 255–256.) The Legislature created this pathway " 'to conserve judicial resources and [allow litigants to] efficiently present claims in a single forum.' " (*Id.* at p. 256; cf. *People v. Fares* (1993) 16 Cal.App.4th 954, 957 ["We are disturbed that this attempt at a minor correction of a sentence error has required the formal appellate process"].) Because the purpose of the rule is to avoid the unnecessary expenditure of appellate resources, it precludes an appeal without first seeking correction in the trial court "only . . . in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal." (§ 1237.2; see *Clark*, at p. 256.)

In an effort to show that his *Dueñas* objection was timely made, Evers points out that we have previously held that there is no time limit for bringing a motion to correct a sentence under section 1237.2. (See *People v. Clark, supra,* 67 Cal.App.5th at p. 255.) But the timeliness of Evers' motion

6

under section 1237.2 does not resolve the issue here.  We assume the trial court had the discretion to consider Evers' motions and to reconvene a sentencing hearing at which it could entertain additional evidence and argument if it so chose.[2]  Nonetheless, we do not read the statute's preservation of trial court jurisdiction "to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs" to impose an obligation on the court to hold a new hearing to address a claim of *Dueñas* error, or to allow the defendant to avoid forfeiture of such a claim on appeal, where no objection was raised at the sentencing hearing.  The statute's goal of avoiding the unnecessary expenditure of appellate resources does not demand so significant a disruption to the regularity of proceedings in the trial court and a corresponding expansion of the ability to preserve a *Dueñas* claim for appeal.  While we have no occasion here to consider other kinds of errors that might be raised under section 1237.2, we hold that the statute does not excuse forfeiture of a *Dueñas* claim that is not asserted at the sentencing hearing.

**B.**

Alternatively, Evers contends in his reply brief that if defense counsel "was aware of the error in the trial court but opted to waive the error, then trial counsel would clearly have provided ineffective assistance of counsel, which constitutes an avoidance of the State's affirmative defense of forfeiture or waiver." Assuming that this argument has not been waived by Evers' failure to raise it in his opening brief notwithstanding his awareness that

---

[2] Some cases have construed section 1237.2 as a vehicle to correct ministerial errors (see *People v. Clark, supra*, 67 Cal.App.5th at p. 256; *People v. Jordan* (2018) 21 Cal.App.5th 1136, 1142), but we need not decide whether a *Dueñas* claim requires a motion under section 1237.2 before it may be considered on appeal, because we conclude that the statute does not excuse a forfeiture even assuming it applies.

7

forfeiture was an obvious concern in this appeal, the single sentence we have quoted is the only argument Evers offers in support of it, which he then suggests we avoid deciding by declining to find forfeiture.[3] " ' "To establish ineffective assistance of counsel, a defendant must show that (1) counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient performance was prejudicial, i.e., there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the defendant." ' " (*People v. Rices* (2017) 4 Cal.5th 49, 80.) "On direct appeal, if the record ' "sheds no light on why counsel acted or failed to act in the manner challenged," ' we must reject the claim ' "unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation." ' " (*People v. Caro* (2019) 7 Cal.5th 463, 488.) "[E]xcept in those rare instances where there is no conceivable tactical purpose for counsel's actions, claims of ineffective assistance of counsel should be raised on habeas corpus, not on direct appeal." (*People v. Lopez*

---

[3] A court will not consider a claim of ineffective assistance of counsel raised for the first time in a reply brief if it is asserted as an affirmative basis for relief. (See *People v. Duff* (2014) 58 Cal.4th 527, 550, fn. 9.) Here, however, Evers raises ineffective assistance solely to address an assertion of forfeiture raised by the Attorney General. We need not decide whether Evers could permissibly wait until his reply brief to raise the issue (compare *Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 799 [appellant generally has the burden to demonstrate that claims were preserved for appeal] with *Estate of Herzog* (2019) 33 Cal.App.5th 894, 907 [in light of Gov. Code § 68081, court would address unpreserved claim of evidentiary error where respondent did not argue forfeiture]), because, as discussed above, we find he did not adequately develop the argument in any event. We do not consider Evers' claim, made as a distinct argument for the first time in reply (Cal. Rules of Court, rule 8.204(a)(1)(B)), that his plea form, by omitting the notation "TBD" next to the checked box, did not advise him that he would have to pay an amount to the Victim Restitution Fund.

(2008) 42 Cal.4th 960, 972.)

The unelaborated suggestion that trial counsel "opted to waive the error" simply assumes what Evers must show—that there is no conceivable tactical purpose for trial counsel's decision. Trial counsel's reliance on statutory formulas to argue that the fine should be $6,000 or $7,500, coupled with his failure to offer any response when the court referred to money Evers could earn in prison, raises the possibility that trial counsel doubted he could show at an evidentiary hearing that Evers lacked the ability to pay. On the present record, we do not know what trial counsel believed or why he believed it. Evers' single-sentence reference to ineffective assistance in his reply brief is insufficient to establish a basis to avoid a finding of forfeiture.

## DISPOSITION

The trial court's direct victim restitution orders are reversed insofar as they impose a 15 percent administrative fee on the restitution amounts. Evers' sentence is otherwise affirmed.[4]

GOLDMAN, J.

WE CONCUR:

BROWN, P. J.
STREETER, J.

---

[4] We deny Evers' request for judicial notice as irrelevant to our resolution of this appeal.

| | |
|---|---|
| Trial Court: | Superior Court of Mendocino County |
| Trial Judge: | Honorable Keith Faulder |
| Counsel for Defendant and Appellant: | Walter K. Pyle, under appointment by the Court of Appeal |
| Counsel for Plaintiff and Respondent: | Rob Bonta<br>Attorney General of California<br>Lance E. Winters<br>Chief Assistant Attorney General<br>Jeffrey M. Laurence<br>Senior Assistant Attorney General<br>Arthur P. Beever<br>Deputy Attorney General<br>Claudia H. Phillips<br>Deputy Attorney General |