Filed 4/30/25  In re Kathryn H. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re Kathryn H., a Person Coming Under the Juvenile Court Law. | |
| SAN FRANCISCO HUMAN SERVICES AGENCY,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>S.H.<br><br>        Defendant and Appellant. | A171812<br><br>(City & County of San Francisco Super. Ct. No. JD243099) |

S.H. (father) — Kathryn H.'s father — appeals from the juvenile court's adverse jurisdiction findings.  (Welf. & Inst. Code, § 300; undesignated statutory references are to this code.)  His appeal is moot because K.P. (mother), the child's mother, did not appeal the jurisdictional findings made against her.  (*In re D.P.* (2023) 14 Cal.5th 266, 283 (*D.P.*).)  We decline to exercise our discretion to consider the merits of father's appeal and dismiss.

**BACKGROUND**

Mother has an opiate use disorder and used methamphetamine and fentanyl while pregnant.  She tested positive for amphetamines, methadone,

1

and fentanyl when the child was born in May 2024.  In an interview with a San Francisco Human Services Agency (Department) social worker, father acknowledged using substances for the past five years, including heroin and cocaine, but he expressed willingness to access substance abuse treatment.  He denied awareness that mother was using substances while pregnant.  Father completed an intake for an inpatient treatment program.  Mother also agreed to residential treatment.

Upon mother's admission to the residential treatment program, she exhibited signs of impairment.  At one point, mother and the child were transferred to the hospital — the baby was crying a lot and had a small bump on her head.  Apparently, mother was slumped over, and the child hit her head on a rocking chair when she dozed off — mother subsequently tested positive for fentanyl and methadone.  The Department expressed concern that mother and father were at risk for relapse without ongoing intervention and services.

When the child was one month old, the Department filed a juvenile dependency petition alleging the parents' history of substance abuse and mental health problems placed her at risk for abuse, harm, and neglect.  (§ 300, subd. (b)(1).)  The petition also alleged there was a substantial risk the child would suffer serious physical harm or illness because her parents were unable to adequately supervise or protect her.  (*Ibid.*)  Specifically, the child was exposed to opioid abuse in utero.  In addition, mother reported having depression and anxiety, and she was currently engaged in individual therapy.  The petition further alleged father had ongoing, unresolved substance abuse — almost daily heroin use since he was 22 years old — and mental health problems impacting his ability to provide proper care and supervision.  Father initially sought residential treatment, but he left for

2

outpatient treatment at a methadone clinic.  Although he agreed to drug testing, no drug tests were submitted to the Department.  Father also had significant unresolved family trauma leading to relationship issues with mother.

At the jurisdictional and dispositional hearing, the juvenile court noted mother had submitted on the petition, and it sustained the allegations against mother and father.  It declared the child a dependent, ordered her to reside with her parents, ordered family maintenance services, and set a six-month review hearing.  Father appealed from the court's order, challenging the jurisdiction findings.  Mother did not appeal.

## DISCUSSION

Father argues the juvenile court's jurisdiction findings against him are unsupported by substantial evidence.  We conclude his appeal is moot and decline to exercise our discretion to reach its merits.

Courts must decide actual controversies, not dispense opinions on moot questions.  (*D.P.*, *supra*, 14 Cal.5th at p. 276.)  Dependency statutes are primarily concerned with protecting children.  (*In re I.A.* (2011) 201 Cal.App.4th 1484, 1491.)  "The court asserts jurisdiction with respect to a child when one of the statutory prerequisites listed in section 300 has been demonstrated."  (*Ibid.*)  "Because the juvenile court assumes jurisdiction of the child, not the parents, jurisdiction may exist based on the conduct of one parent only."  (*In re A.R.* (2014) 228 Cal.App.4th 1146, 1150.)  Thus, "where jurisdictional findings have been made as to both parents but only one parent brings a challenge, the appeal may be rendered moot."  (*D.P.*, at p. 283.)

Mother has not appealed the jurisdictional and dispositional findings regarding her conduct under section 300.  Father also has not challenged the jurisdictional findings against her.  Thus, reversing the findings as to father

3

would not provide him any effective relief. (*In re N.S.* (2016) 245 Cal.App.4th 53, 60.) The juvenile court would retain jurisdiction over the child based on the sustained allegations against mother. (*In re A.B.* (2014) 225 Cal.App.4th 1358, 1364 [reversing jurisdiction finding would not provide mother effective relief where a subsequent petition independently established jurisdiction]; *In re A.R., supra,* 228 Cal.App.4th at p. 1150.) The cases father cites in contesting mootness generally involve jurisdictional findings based on conduct by *both* parents. (See, e.g., *In re A.G.* (2013) 220 Cal.App.4th 675, 683 [court erred sustaining petition that only alleged mother was unable to care for minors where father was properly caring for them]; *In re Phoenix B.* (1990) 218 Cal.App.3d 787, 792 [declining to assert dependency jurisdiction over minor based on mother's conduct where father was willing and able to prove care].) Moreover, father does not proffer a specific challenge to any dispositional order, only the jurisdictional findings. (*D.P., supra,* 14 Cal.5th at p. 283 [appeal not moot where a " '[jurisdictional] finding . . . serves as the basis for dispositional orders that are also challenged on appeal' "]; *In re Carmaleta B.* (1978) 21 Cal.3d 482, 485–486 [challenging jurisdictional and dispositional orders].) Father's appeal is moot.

Father urges us exercise our discretion to reach the merits of his appeal; his contentions fail to persuade. (*D.P., supra,* 14 Cal.5th at pp. 282–283.) He argues the challenged finding could impact future dependency proceedings. (*Id.* at p. 285 [considering appeal of a jurisdiction finding if it potentially impacts current or future dependency proceedings or has other consequences beyond jurisdiction].) When making future custody decisions, he argues, the Department and juvenile court could rely on this finding to determine whether he has overcome the issues that resulted in the initial dependency petition. But allegations regarding his conduct "would almost

4

certainly be available in any future dependency," "regardless of any determination on our part as to whether it formed an independent basis for juvenile court jurisdiction." (*In re Madison S.* (2017) 15 Cal.App.5th 308, 330.) Moreover, the child was returned to her parents' custody at the disposition hearing. Contrary to father's suggestions, it is unlikely the jurisdictional finding would be used to support a detriment finding under section 361.2 or to bypass reunification services in potential future dependency proceedings.

Nor do the jurisdictional findings that father had unresolved mental health and substance abuse issues "based on particularly pernicious . . . conduct" weigh in favor of exercising our discretionary review. (*D.P.*, *supra*, 14 Cal.5th at pp. 285–286 ["court may consider the nature of the allegations against the parent when deciding whether discretionary review is proper"].) Although father insists the court's findings — that his substance abuse and mental health issues resulted in his incapability to protect his daughter — are particularly stigmatizing, a "jurisdictional finding that a parent engaged in abuse or neglect of a child is *generally* stigmatizing." (*Id.* at p. 277, italics added.) These findings are not sufficiently egregious to make his interest in challenging the findings greater. (Compare with *In re M.W.* (2015) 238 Cal.App.4th 1444, 1452 [discretionary review of findings mother "exposed her children to a substantial risk of physical and sexual abuse are pernicious"]; *D.P.*, at pp. 285–286 ["The more egregious the findings against the parent, the greater the parent's interest in challenging such findings"].)

Moreover, the reason why the appeal is moot — "because one parent appealed and not the other" — is not, contrary to father's contention, a reason to exercise our discretion to review his claims. (*D.P.*, *supra*, 14 Cal.5th at

5

p. 286.) Father does not argue the findings sustained against him were based on more serious conduct than mother's. (*Ibid.* [reviewing appeal where "the findings against the parent who has appealed are based on more serious conduct" may serve interests of justice].) Nor can he. The counts sustained against father concerned his heroin, fentanyl, and cocaine use and unresolved family trauma, while the allegations against mother entailed anxiety, depression, opiate use disorder, amphetamine and fentanyl use while pregnant with the child. The sustained counts of serious substance abuse by each parent posed a serious risk to the child. Here, where the overarching goals of the dependency system are protection of the child and preservation of the family — and the child remains with her parents with family maintenance services under Department oversight — after considering the evidence and relevant factors, we decline to exercise our discretion to consider father's appeal. (*D.P.*, at p. 286.)

## DISPOSITION

The appeal is dismissed as moot.

_____
RODRÍGUEZ, J.

WE CONCUR:


_____
FUJISAKI, Acting P. J.


_____
PETROU, J.

A171812; *In re Kathryn H.*